NICHOLAS C. HUDSON *vs.* THE TRENTON LOCOMOTIVE AND MACHINE MANUFACTURING COMPANY.

1. Upon a bill for an account, the only material evidence upon the original hearing. is that which conduces to prove the complainant's right to an account. The ordinary decree is that an account shall be taken. Evidence as to the particular items of the account is irrelevant, and, in strictness, inadmissible at this stage of the cause.

Hudson *v.* Trenton Locomotive and Machine Manufacturing Co.

2. As a general rule, the court will not, at the original hearing, examine or decide whether particular items of the account shall or shall not be allowed.

3. The court must, it would seem, settle the construction and effect of agreements between the parties, by which their mutual dealings were regulated, and by which, consequently, the account must be controlled.

4. The court will give special directions to the master as to the manner of taking the account, and the principles by which he should be governed in taking it.

5. The decree must direct to what matters the account shall extend, and in decreeing a general account, special directions will be rendered proper and necessary by the particular circumstances of the case.

6. Where the evidence has been taken on both sides before the hearing, without objection, it may be used by the court, so far as may be necessary, in giving directions.

*J. S. Aitkin,* for complainant.

The bill is for an account under a written contract.

It involves the construction of the contract, the value of the work done and services rendered, and asks that the defendant may be decreed to pay the amount found due, and for such other relief as the complainant may be entitled to.

The testimony has been taken in full by both parties, and the case is now ready for final decree.

*Beasley,* for defendants.

The only order that can now be made is for an account, and to that we do not object. 2 *Daniell's Ch. Pr.* 997; *Cursus Cancel.* 341; *Gresley's Eq. Ev.* 168.

THE CHANCELLOR. Upon a bill for an account, the only material evidence upon the original hearing is that which conduces to prove the complainant's right to an account. The ordinary decree is that an account shall be taken. Evidence as to the particular items of the account is irrelevant at this stage of the cause. 2 *Daniell's Ch. Pr.* 997; *Gresley's Eq. Ev.* 168; *Walker* v. *Woodward,* 1 *Russ.* 110; *Law* v. *Hunter, Ibid.* 100; *Tomlin* v. *Tomlin,* 1 *Hare* 236;

*Seaton's Decrees* 42, 45; *Dubourg de St. Colombe's Heirs* v. *The United States*, 7 *Peters* 626.

These cases settle the practice that the court will not, at the original hearing, as a general rule, examine or decide whether particular items of the account shall or shall not be allowed, and that evidence for that purpose, in strictness, is inadmissible.

But the principle is not of universal application, and must depend in some measure upon the nature of the pleadings.

By the ancient practice special directions were usual in decrees for account. *Bacon's Ordinances* 50; *Beames' Orders in Chan.* 23, 80; *Tothill's Proceed.* 48.

Instances are not wanting, where the decree ordering the account to be taken, has directed the allowance of particular items. Thus, in *Smith* v. *Wilkinson*, the master was directed, in taking the account, to charge the defendant with the sum of £8000, borrowed by him from the testator's estate. 2 *Newland's Ch. Pr.* 335; *Seaton's Decrees* 46.

And in *Consequa* v. *Fanning*, 3 *Johns. Ch. R.* 590, the decree contains specific directions as to various items with which the defendants should be charged by the master in taking the account.

The more modern cases would seem to exclude these directions as to what items of the account should or should not be allowed; but they do not exclude special directions to the master as to the manner of taking the account, or the principles by which he should be governed in taking it. The court must, it should seem, settle the construction and effect of agreements between the parties, by which their mutual dealings were regulated, and by which, consequently, the account must be controlled.

Thus in *Sharp* v. *Morrow*, 6 *Monroe* 300, it is declared, that in referring partnership accounts to a commissioner, the court should settle the construction of the articles of partnership, and decide what kind of accounts come within the partnership, and lay down the principles by which the commissioner should be governed.

And in *Remsen* v. *Remsen*, 2 *Johns. Ch. R.* 501, Chancellor Kent lays it down as a general rule, that orders of reference should specify the principles on which the accounts are to be taken, or the inquiry proceed, as far as the court shall have decided thereon.

The decree must direct to what matters the account shall extend. And in decreeing a general account, special directions will be rendered proper and necessary by the particular circumstances of the case. The principle is constantly recognized and acted upon. 2 *Smith's Ch. Pr.* 112; *Hoffman's Ch. Pr.* (*Appendix*) 169, *No.* 202; *Izard* v. *Bodine*, 1 *Stockt.* 311.

If either of the points upon which the complainant now asks the determination of the court, involves the legal construction of the contract between the parties, by which the statement of the account will be materially affected, or the proper mode of stating the account, or the subject to which the investigation shall extend, it may be proper that the direction should now be given. It may save unnecessary expense and delay in the subsequent stages of the cause.

There can be no objection on the ground of the incompetency of the testimony. The evidence upon both sides has been taken without objection. It is now before the court and may be used, so far as may be necessary, in giving any direction proper to be given at this stage of the cause.