**Audrey A. THORNTON, Respondent,**

v.

**Ronald D. ROWLETT, Appellant.**

**No. WD 31160.**

Missouri Court of Appeals,
Western District.

March 2, 1981.

Kranitz & Kranitz, P. C., St. Joseph, for appellant.

Michael Paul Harris, P. C., St. Joseph, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Audrey Thornton filed an action against her former husband Ronald Rowlett for an accounting[1] and for the balance due from farm income. The court found the parties had agreed to the income and expenses of the farm and entered judgment for the share found to be due Audrey without requiring an accounting.

On this appeal Ronald contends the court erred in refusing to conduct a bifurcated hearing, in taking any evidence relating to the amount due and in the admission of evidence. Affirmed.

Audrey and Ronald had been husband and wife, but that marriage had been dissolved in 1975. As a part of the dissolution, they entered into an agreement by which they agreed to divide the income and expenses from a 640-acre farm which was marital property. The income and expenses for the farm year 1975 were divided without incident, however, in the 1976 farm year, Ronald paid part of the expenses and collected the income. He demanded that Audrey pay her share of the expenses in a lump sum but Audrey stated she was unable to do so and would pay out of her share of the proceeds from the sale of the farm, which sale was then being negotiated. Ronald declined to wait for her share of the expenses and refused to pay her any of the income.

The petition alleged those facts and that Audrey was, in fact, entitled to her share of the 1976 income. The answer pleaded a provision of the contract that if a party failed to pay their part of the expenses, then the other party would be entitled to retain all of the income. The answer further alleged that all of the expenses had been accounted for and the receipted bills had been detailed to Audrey so that an accounting was unnecessary. There was no counterclaim filed.

Prior to the commencement of trial Ronald's counsel objected to a single hearing because he contended an accounting action requires a bifurcated hearing and the court was restricted to a hearing first to determine if Audrey was entitled to an accounting. The court stated that the trial would commence and a determination would be made later, depending upon the evidence, of whether or not a bifurcated hearing would be required. During the trial the court inquired if the parties could agree on the income and expenses for the 1976 farm year. After considerable discussion both attorneys agreed that the income from the farm was $60,394.12 and expenses were

---

1. The only mention of accounting in the petition was in the prayer. There were no factual allegations to invoke the jurisdiction of equity to give accounting nor any other allegations showing the right to an accounting. An action for an accounting is an action in equity and the petition must state a cause of action based upon some known and established equitable ground. *Weltscheff v. Medical Center of Independence*, 604 S.W.2d 796, 801[4, 5] (Mo.App. 1980). However, no objection was made in the trial court to the court trying this as an action at equity for an accounting and no such error is alleged on this appeal.

$19,610.43, leaving a net income of $40,-783.69.

Ronald's attorney stated that he was agreeing to these figures under the exigencies existing at the time. The exigency apparently referred to the physical health of Ronald, who, his attorney stated, was suffering from epilepsy. While Ronald was on the witness stand, the attorney informed the judge he thought Ronald was about to have a seizure. The judge declared a recess and a physician was summoned and examined Ronald. The physician informed the court, on the record and in the presence of the attorneys, that he had examined Ronald and found that he had an inability to speak but he attributed this to tension and not to any seizure. No further effort was made to interrogate Ronald and he was excused from the witness stand.

The court entered findings of fact and conclusions of law and found that the parties had stipulated to the income, expenses and net income, and such stipulation had made an accounting useless or moot. The court found Ronald had paid $5,936.44 for farm expenses out of the total expenses for the year 1976 of $19,610.43. The court found the contract provision which would deny Audrey any part of the income for failure to pay her part of the expenses amounted to a forfeiture which a court of equity would not enforce. The court entered judgment in favor of Audrey and allowed Ronald a credit of $189.15 as interest on expenses he had paid, making a net judgment in favor of Audrey of $20,202.69.

It is apparent from the record that Ronald's attorney made a judicial admission as to the income, expenses and net income for the year 1976. A judicial admission was defined in *May v. May*, 294 S.W.2d 627, 634[4–7] (Mo.App.1956) as follows:

A true judicial admission is an admission made in court or preparatory to trial, by a party or his attorney, which concedes for the purposes of that particular trial the truth of some alleged fact so that one party need offer no evidence to prove it, and the other party ordinarily is not allowed to disprove it. It removes the proposition in question from the field of disputed issues in the particular case wherein it is made. It is a substitute for evidence in the sense that it does away with the need for evidence on that subject in that cause.

Although counsel argues that he made the admission reluctantly, he does not contend that he made it involuntarily or that the admission is not correct.

■ A judicial admission is conclusive upon the party making it. IX Wigmore on Evidence, 3d Ed., § 2590. Thus, when Ronald admitted the income, expenses and net income, the question of an accounting became moot because the only issue to be determined, i. e., the net income, had been conceded.

■ Ronald is correct in asserting that an action in accounting ordinarily requires a bifurcated hearing. *State ex rel. Rowlett v. Wilson*, 574 S.W.2d 376 (Mo. banc 1978). However, it was stated in *Standish v. Babcock*, 48 N.J. Eq. 386, 22 A. 734, 736–7 (Ch.1891):

On the original hearing on a bill for account, the only evidence, as a general rule, material or competent, is such as goes to prove or disprove the complainant's right to an account. Evidence respecting the items of the account is, in strictness, at that stage of the cause, inadmissible, (*Hudson v. Locomotive, etc., Works*, 16 N.J. Eq. 475;) but where the account consists of but a few items, and they are all fully and satisfactorily proved by the evidence submitted on the principal question, there is no reason, of either justice or correct practice, why the court should not, in such a case, decide, by the same decree, that the complainant is entitled to an account, and also the amount that he is entitled to recover.

This case falls under the *Standish* rule and in view of the judicial admission of the only items necessary to determine the amount due Audrey, the court was correct in concluding this case after a single hearing.

Ronald contends the court should not have been concerned with the net income because Audrey was not entitled to recover because she had failed to pay her part of the expenses when demanded and under the contract this barred her participation in the profits. The trial court correctly held that "[o]rdinarily, the only concern a court of equity has with the subject of forfeiture is to prevent one where conditions are such as to render it inequitable to allow a forfeiture to be enforced." *Sebree v. Rosen*, 374 S.W.2d 132, 140[15–18] (Mo.1964). The court found it would be inequitable for Audrey to forfeit her share to Ronald when Ronald had not paid all of the expenses and he could be compensated for Audrey's failure to pay by allowing him interest on the amount he paid. The court was correct in this holding. *Trendley v. Illinois Traction Co.*, 241 Mo. 73, 145 S.W. 1, 7[6–8] (banc 1912).

Ronald complains of the admission of evidence concerning the custom of paying the farm expenses prior to 1976 and in allowing Audrey's counsel to testify. In a court tried case this court considers only so much of the evidence admitted by the trial court as it finds to be admissible. *Fix v. Fix Material Co., Inc.*, 538 S.W.2d 351, 354[1–4] (Mo.App.1976). In this case with the judicial admission it is not necessary to consider any of the challenged evidence because the judgment is supported by the admission.

The judgment is affirmed.

All concur.