General R. JOHNSON, Respondent,

v.

STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE, Appellant.

No. 7467.

Springfield Court of Appeals.

Missouri.

Oct. 18, 1955.

John M. Dalton, Atty. Gen., Paul McGhee, Asst. Atty. Gen., for appellant.

RUARK, Judge.

In September of 1953 General R. Johnson, hereinafter referred to as claimant, last applied for old age assistance benefits. After local rejection and appeal the Director rejected his application on the ground he had made a voluntary transfer in order to render himself eligible. The circuit court found this decision unreason-

able in that it was based on an erroneous opinion as to the effect of the statute involved and remanded the case for redetermination. The Director has appealed.

Facts presented by claimant were that in 1947 he, then two years a widower, sold out his farm and possessions and after paying his debts had somewhere between $1,500 and $1,800 remaining. About December 1, 1947, he moved into the household of his son, Emmett. After looking about for several months for someplace else to stay, and finally deciding it was too expensive to board elsewhere, he agreed with Emmett and Emmett's wife, Josie, to pay them $15 per month for board and room. No payments of the agreed sum followed and the subject appears not to have been mentioned for some time. The reason offered was that Emmett didn't then need the money. In 1951 claimant bought a hog from G. A. Johnson, another son, and presented it to Emmett. He told the son G. A., "I don't feel like staying there and not furnishing anything to eat—I am going to buy a hog for staying there—I don't feel like staying there without paying him." This son testified he did not know anything about whether there was an understanding between claimant and Emmett. Sometime before the middle of November 1952 Emmett, having experienced financial difficulties because of the drought, mentioned the need of money to pay his taxes and claimant then figured up what was due for board and room ($1,080), deducted the price of the hog which he had previously purchased, and gave Emmett a check for the balance in the sum of $1,040 (it appears the check was actually for $1,044). Some twelve days later, November 21, 1952, claimant, Emmett and Josie went to Ava and Emmett and claimant went to the bank, where Emmett cashed the check. Claimant testified that he knew he could not have $500 or more and be eligible (ownership of cash or security in the sum of $500 or more disqualified applicant). He said that after he paid his son he had $500. On the same day claimant went to the drug store and wrote a check for $1 which he said

was to buy a bottle of medicine. The witness for the Department of Welfare testified that this reduced claimant's bank account to $499.30. On the same day claimant applied for old age assistance and was rejected. He did not appeal from this rejection, but on September 20, 1953, he applied again and thereby set in motion the proceeding which has finally reached this court.

Considering the evidence alone, claimant's evidence that the agreed price was $15 per month does not jibe with the amount he paid. The accumulation of such sum from December 1, 1947, to and including November 1952 (60 months) would make a total of $900. Deducting the price of the hog would have left the amount due $860, not $1,040 or $1,044, which was the amount of the check written in November 1952. In a very recent opinion of this court, Norman v. State Department of Public Health and Welfare, 283 S.W.2d 143, Judge Stone gathered and cited considerable authority on the burden of proof and the scope of review in cases of this character. We deem it unnecessary to list them again and refer to that case. Suffice it to remember that the burden was on claimant to establish his eligibility (Linton v. State Department of Public Health and Welfare, Mo.App., 252 S.W.2d 841, 843) and that our review is limited to the determination of whether the claimant was awarded a fair hearing (not in question in this case) and whether the decision of the Director was arbitrary and unreasonable, Section 208.100, subd. 5, RSMo 1949, V.A. M.S.; and in considering the record we do not hear the case de novo and do not concern ourselves primarily with the weight of the evidence or the credibility of witnesses, but are restricted to determining whether the Director's findings, however unpalatable they might be to us, "are contrary to the determinative undisputed facts, and are therefore arbitrary and unreasonable." Collins v. Division of Welfare, Mo. Sup., 270 S.W.2d 817, 819. If the findings and decisions of the Director are supported by competent and substantial evidence upon

the whole record, Constitution, Art. 5, sec. 22, V.A.M.S., so that he could have reasonably made his findings and reached his decision upon a consideration of all of the evidence in the record then our inquiry is at end. Lunn v. Columbian Steel Tank Co., Mo.Sup., 275 S.W.2d 298, 301, and cases cited.

Section 208.010 RSMo 1949, V.A.M.S., provided that benefits shall not be payable to any person who (1) has made an assignment or transfer of property for the purpose of rendering himself eligible for benefits; (2) owns or possesses cash or negotiable security in the sum of $500 or more. This was supplanted by the new act, section 208.010, V.A.M.S., Laws of 1953, p. 644, which had become effective prior to the application upon which this proceeding is based. Under said act benefits shall not be payable to any person who:

"(1) Has made, or whose spouse has made, a voluntary assignment, conveyance or transfer of property within five years for the purpose of rendering himself or spouse eligible for benefits or for the purpose of increasing his or their need for benefits. Any person who has assigned, conveyed or transferred property without receiving fair and valuable consideration therefor within five years preceding the date of the investigation shall be presumed to have made such assignment, conveyance or transfer for the purpose of rendering himself or spouse eligible for benefits or to increase his or their need for benefits. *'Fair and valuable consideration' as used herein shall not, for the purpose of this act, be construed to include past support,* *contributions or services rendered by a relative to a claimant."*

The affirmative evidence in this case, including the reasonable inferences to be drawn therefrom, could justify the conclusion that the transfer was fraudulent in so far as the disqualifying portion of the act is concerned.

Moreover, under the statute transfer for the purpose of paying past support is a prohibited consideration, and therefore any transfer made for this purpose is the same as a transfer without consideration. The act further provides that transfer without consideration is presumed to have been made for the purpose of making claimant eligible. *Assuming* this presumption to be rebuttable, the determiner of the fact was not required to accept as true claimant's simple statement that the transfer was not for the purpose of making himself eligible. To so hold would be tantamount to destruction of the plain intent of the legislature, for to say that a transfer made for the purpose of paying past support opposes or negatives the presumption that it was made for the purpose of attaining eligibility would by indirection read completely out of the statute the sentence which denies past support as a consideration.

The whole record does not compel the conclusion that the findings of the Director could not reasonably have been made, and we cannot say that they were arbitrary and unreasonable. Therefore, we must of necessity and do reverse the judgment of the circuit court.

McDOWELL, P. J., and STONE, J., concurs.