Robert L. MARSHALL, Respondent,

v.

**STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE,**
Appellant.

No. 25826.

Missouri Court of Appeals,
Kansas City District.

Sept. 7, 1972.

Rehearing Denied Oct. 2, 1972.

Elmore G. Crowe, Edward D. Summers, Jefferson City, for appellant.

James L. Muller, Kansas City, for respondent.

DIXON, Judge.

This appeal involves denial of retroactive benefits to an applicant for Old Age Assistance and requires construction of the 1969 amendment to Section 208.090 V.A. M.S.[1] As enacted in 1969, it reads as follows:

"If an application has been denied or if the applicant has been removed from the rolls and is found by the Director to be eligible after his appeal is heard, reinstatement and payment of benefits shall be made as of the date the application was denied or the applicant was removed from the rolls."

Robert L. Marshall applied for Old Age Assistance, and the initial investigation by a caseworker was conducted May 9, 1969. The claim was denied by the caseworker. Marshall appealed to the Director of the Department of Public Health and Welfare. A hearing before a referee was held July 22, 1969. On August 15, 1969, the Director gave the following decision:

"The burden of proof was upon the claimant to show he was qualified for public assistance benefits, in the absence of proof his application should be rejected. (See: Chapman v. State Social Security Commission, [235 Mo.App. 698]

147 S.W.2d 157, l.c. 159 and cases cited therein.) The claimant was ineligible, at the time of rejection, for failure to prove eligibility.

"However, when his condition at the time of the hearing is considered with evidence of his understandable profligacy, while affluent, it demonstrates that he is now penniless and is eligible for public assistance, on the factor of need."

Thereafter, claimant was paid benefits from the date of the hearing before the referee, but was denied benefits retroactively to the date of denial of the application.

The claimant filed for review of the Commission's action in the Circuit Court and on a review of the record made before the referee upon which the Director's award was based, the Circuit Court reversed the award of the Director in refusing benefits from the date of denial of the application to the hearing date.

The State Department of Health and Welfare has appealed, contending, first, that no right of appeal exists under Section 208.100 since there was no denial of benefits, and second, that the Circuit Court erred in construing Section 208.090 as requiring retroactive payment of benefits.

With respect to the first point the State argues that the statutory language of Section 208.100(1):

"1. Any applicant *aggrieved* by the action of the director of public health and welfare by the denial of benefits in passing upon the appeal to said director may appeal to the circuit court of the county in which such applicant resides within ninety days from the date of the action and decision appealed from." (Emphasis supplied.)

requires a denial of benefits *in toto* before such an appeal to the Circuit Court may be had. The State cites no authority for the proposition they assert, basing their argu-

---

1. Section 208.090 prior to amendment made no reference to "denial of benefits" but provided for payments retroactively as to persons removed from the rolls.

ment on the principle *expressio unius est exclusio alterius.*

The State argues that a person aggrieved by any decision other than a total denial of benefits is not appealable. They overlook the exclusion from the Director's award of the benefits accruing between the denial of the application and the award.

■ The State is in reality arguing that the claimant received partial relief and that the granting of that partial relief bars an appeal asserting a right to further relief. Such a construction of the statute would be at odds with the general rule that granting of partial relief does not bar an appeal requesting full or complete relief. Page v. Hamilton, 329 S.W.2d 758 (Mo. Sup.1959), l.c. 762. The statute will not be interpreted as an exception to that general rule unless the language is so plain as to permit no other construction. The denial of benefits from May 9, 1969, to July 22, 1969, clearly brings this claimant within the language "denial of benefits", and makes him an "aggrieved" party. The State's contention is rejected.

The State also insists that the Circuit Court erred in interpreting Section 208.090 by holding that the granting of retroactive benefits is mandatory on a finding of eligibility.

The argument of the State is that Section 208.010, as construed and applied in Edwards v. State Social Security Commission, 187 S.W.2d 354 (Mo.App.1945), requires the Director to consider all the circumstances at the time of the hearing before the Director. From this, they argue that to make mandatory the payment of retroactive benefits would limit the Director to only the circumstances at the time of application, thus changing the meaning of Section 208.010 and its construction in Edwards, supra.

This argument is based on the same erroneous assumption as the Director's finding noted above, that the applicant had failed to sustain his "burden of proof" at the time of application. The Director and the State assume that he was "reviewing" in some judicial fashion the action of the administrative employee who rejected the application and was making a determination of the facts existing at the time of the denial of the application.

■ The statute providing for the hearing before the Director, Section 208.-080(1), (2) and (3) V.A.M.S.[2] does use the word "appeal" to indicate the right of the claimant to have the Director make a determination of the propriety of the action of the caseworker. That prior action by the social or caseworker cannot be tortured into the posture of a hearing which would provide a basis for the application of the concept of "burden of proof" in the context of a fact finding hearing. There is no record of what transpired at that time. In no way is that *in camera* proceeding between the caseworker and the claimant subject to any "review" on the basis of what transpired at that time. For this reason, the Legislature has provided for a hearing before the Director or his representative at which time a record is made. Section 208.080(3) V.A.M.S. In the proceeding before the Director, the claimant undoubtedly has the burden. Chapman v. State Social Security Commission, 147 S.W.2d 157 (Mo.App.1941), l.c. 159. Likewise, the Director is required to consider the condition of the applicant "at the time of the hearing". Edwards v. State Social Security Commission, 187 S.W.2d 354 (Mo.App.1945), l.c. 359. Wigand v. State Department of Public Health and Welfare, 454 S.W.2d 951 (Mo.App.1970).

■ To urge that these same requirements apply to the determination by the caseworker because the word "appeal" is

2. Sec. 208.080(1) "Any applicant * * * may appeal to the director * * *."
Sec. 208.080(2) "The appeal from the division of welfare to the director * * *."

Sec. 208.080(3) "* * * applicant on appeal to the director * * *."

used in directing the claimant to further relief is a complete distortion of the statutory scheme. The director can only decide the ultimate fact of eligibility *on the basis of the record made before him*. When he has done that favorably to the claimant, then Section 208.090 V.A.M.S. plainly requires that the award be made retroactively to the date of the denial of the application. The Director may not divide his decision, as here, asserting present eligibility but denying retroactive effect by making a finding as to a previous state of facts which he has no authority to make. His decision must be on the record made before him. Section 208.080(3) V.A.M.S.

The judgment of the Circuit Court is affirmed.

SHANGLER, C. J., and CROSS, J., concur.

PRITCHARD, SWOFFORD, and WASSERSTROM, JJ., not participating because not members of court at the time the case was submitted.