Annetta SHEFTON, Plaintiff-Appellant,

v.

MISSOURI STATE DIVISION OF FAMILY SERVICES, Defendant-Respondent.

No. KCD 29740.

Missouri Court of Appeals, Kansas City District.

Nov. 27, 1978.

Motion for Rehearing and/or Transfer Denied Jan. 31, 1979.

James M. Smith, Effie F. Day, Legal Aid of Western Missouri, Kansas City, for plaintiff-appellant.

Robert R. Northcutt, Paul T. Keller, Div. of Family Services, Jefferson City, for defendant-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

In this case, claimant appeals from a circuit court decision affirming the denial of relief by the Director of the Missouri Division of Family Services which followed a hearing before a referee.

The sole issue to be determined is the validity of the Director's order which found the claimant medically eligible for relief but required that she reapply for the benefits.

The record in the case is far from satisfactory, but most of the factual background is undisputed. When the claim was processed by the county agency, it was rejected because a "medical review" team deemed the claimant was "employable." The appeal, as specifically stated by the referee appointed to hear the case, was on the ground that the medical evidence showed that the claimant did not "have a disability severe enough to prevent her from accepting some form of employment." At the hearing, the claimant produced evidence of such a physical disability, based upon an examination made after the rejection of her claim. No evidence was produced to show the claimant ineligible on any other ground. As noted, the director, on the basis of the referee's record, found the claimant medically eligible and directed that she reapply. Attached as a part of the record before the referee were exhibits which purport to be the caseworker's file on the original claim. The director does not claim that these documents establish any disqualification except the contested issue of employability.

The claimant argues that it was the obligation of the director to make an award upon the record made before the referee, and that upon the record so made the claimant was entitled to an award of general relief. Claimant points out that the uncontradicted evidence shows unemployability for medical reasons, and the director so found.

The duty of the director is unquestionably to make an award based on the whole record before the referee, including facts and circumstances occurring after the rejection of the claim and before the hearing. *Collins v. Division of Welfare*, 364 Mo. 1032, 270 S.W.2d 817 (banc 1954). *Wigand v. State Department of Health and Welfare*, 454 S.W.2d 951 (Mo.App.1970).

Both *Collins* and *Wigand* presented factual situations where the record made before the referee supported the denial of claims, and thus no issue of retroactive benefits arose. In *Marshall v. State Department of Public Health and Welfare*, 485 S.W.2d 693 (Mo.App.1972), however, the court held that the director's denial of retroactive benefits was improper where the record supported a finding of present eligibility. This case is squarely within the ruling of *Marshall* as evidenced by the following quotation from that case:

> "The director can only decide the ultimate fact of eligibility *on the basis of the record made before him.* When he has done that favorably to the claimant, then Section 208.090 V.A.M.S. plainly requires that the award be made retroactively to the date of the denial of the application. The Director may not divide his decision, as here, asserting present eligibility but denying retroactive effect by making a finding as to a previous state of facts which he has no authority to make. His decision must be on the record made before him. Section 208.080(3) V.A.M.S." *Marshall, supra* at 696.

The director virtually concedes that *Marshall* controls the issue in the brief filed here, but urges that the case be remanded to the director for a "redetermination" of the issues in accordance with § 208.100 RSMo 1969, which the director contends limits this court to such an order of remand. Implicit in that contention is that in welfare cases review is limited to the statutory

grounds of "fair hearing" and a determination that the decision was not "arbitrary" and "unreasonable." That position as to the scope of review is untenable since the decision in *Hill v. State Department of Public Health and Welfare,* 503 S.W.2d 6 (Mo. banc 1973), which held that welfare benefits conferred private rights under Article V, Section 22, Mo.Const.1945, and that the scope of review in such cases was within the purview of § 536.140(2) RSMo 1969, which requires among other determinations a decision whether the agency action is "unauthorized by law."

■ The merry-go-round of administrative and judicial review must stop someplace. In the instant case, the circuit court, without notice of hearing, summarily denied the appeal. Within thirty days, the claimant filed a motion to set aside the judgment and filed suggestions citing *Wigand* and *Marshall* in support of the motion. This motion was summarily overruled by the circuit court the day it was filed. The statutes governing review of administrative action assume a meaningful review by the circuit court to eliminate cases from further review in which no real issue of interpretation or construction of statutory or decisional law is concerned. This is such a case. A denial of such meaningful review is not only a denial of a statutory right but also taxes an overburdened appellate system with unnecessary appeals.

The decision in *Hill, supra,* requires that a determination be made, first by the circuit court and then by this court, whether the agency action is authorized by law. The circuit court, in its judgment, failed to make that determination. The circuit court judgment is, therefore, reversed, and the cause is remanded to the circuit court with directions to set aside the order of the director and remand the cause to the director with directions to enter an order declaring the claimant eligible for general relief for the four-month period covered by the evidence of medical disability presented to the referee.

All concur.