Danny L. SHANKS, Appellant,

v.

**MISSOURI STATE DIVISION OF FAMILY SERVICES, Respondent.**

**No. WD 34829.**

Missouri Court of Appeals,
Western District.

May 9, 1984.

Effie F. Day and James Marshall Smith, Kansas City, for appellant.

Paul T. Keller, Jefferson City, for respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

This is an appeal from a judgment of the circuit court affirming a Missouri State Division of Family Services denial of general relief benefits to claimant Danny L. Shanks. The decision of the Division was that Shanks did not have a disability which rendered him "unemployable."

We conclude that the Division's action was unsupported by competent and substantial evidence upon the whole record and that it involves an abuse of discretion. § 536.140.2, RSMo 1978. The Division decision is therefore reversed.

The facts are as follows: Claimant applied for general relief. General relief to certain persons is authorized by § 208.015, RSMo Cum.Supp.1983. The Division of Family Services is required by statute to prescribe eligibility rules, but the statute makes ineligible any person who is "employable." § 208.015.5, RSMo Cum.Supp. 1983.

"Unemployable", as defined by a rule of the Division of Family Services, means "prevented by physical handicaps or illness from performing occupations for which they are qualified for a period of thirty (30) days or longer." 13 C.S.R. 40–2.070.

All the evidence is in agreement that claimant suffered and had for several months suffered severe back and leg pain. He had injured his back in 1976 and had had back problems since that time. He reinjured his back in February 1981. The presence of limiting and disabling back and leg pain was established by the claimant's own testimony, and was confirmed by observations by the Division case worker and by a friend of the claimant who testified in the appeal hearing. Claimant had used a cane or crutches for eight to ten months prior to the hearing. He had lost 46 pounds in weight recently.

The reports of three physicians who had treated or examined claimant confirmed his disability, and were in essential agreement. Dr. Zammar and Dr. Schoolman both believed a herniated intervertebral disc, or more than one, was indicated. Dr. Huet who examined claimant for the Division concluded that claimant had a disability which prevented employment.

Claimant testified he had tried to get a job but without success. His last steady job terminated in May, 1981, where he was a sound engineer. This job involved hooking up sound equipment, including heavy lifting, stringing long cables, and long hours. He was injured in this employment in February 1981. "Poor health" was the cause of the termination of that employment. The only employment he had had after that, up to the time of the hearing (which was held February 10, 1982) was one week as a telephone solicitor for Meat Block of Independence. He found it too painful to sit all day, as he was required to do in that employment.

Claimant had a high school education and one term of college. He had worked mainly as a sound engineer, but had also worked as a laborer and as a laboratory technician.

This transcript clearly shows the claimant to have been unemployable for 30 days as a result of physical impairment. There was no testimony to the contrary.

It is true claimant had the burden to establish his eligibility for general relief. *Wallin v. State Department of Public Health and Welfare*, 422 S.W.2d 345 (Mo. banc 1967); *Wigand v. State Department of Public Health and Welfare*, 454 S.W.2d 951 (Mo.App.1970). The Division in some cases might be justified in rejecting a claim on the ground that the evidence in support

thereof, though uncontradicted, was not worthy of credit. In such a case the record must show that the evidence was found by the Division not to be entitled to credit and unworthy of belief; otherwise it must be considered and given due weight. *Missouri Church of Scientology v. State Tax Commission*, 560 S.W.2d 837, 843 (Mo. banc 1977), *appeal dismissed*, 439 U.S. 803, 99 S.Ct. 57, 58 L.Ed.2d 95 (1978); *Wilson v. Labor and Industrial Relations Commission*, 573 S.W.2d 118, 121 (Mo.App.1978); *Velghe v. State Department of Public Health and Welfare*, 362 S.W.2d 747, 751 (Mo.App.1962). In this case the evidence is all of a piece, and it is clear that the Division believed it. The Division found: "The claimant's medical evidence confirms Mr. Shanks has back and leg pain, however, there are no clinical findings to support a diagnosis or to indicate that the pain renders Mr. Shanks as unemployable. The evidence also confirms an ulcer which is not severe enough to cause unemployability."

As shown above, the physicians' reports bore out the genuineness of the claimant's complaints.

The Division in its argument before us says that under the testimony the claimant did have the ability to perform non-strenuous activities on a part-time basis, as in sales or bookkeeping. The evidence does not show that claimant has any qualifications for either of those employments, nor does it show that his disabilities would allow him to perform the duties of such employments to the satisfaction of any prospective employer.

The judgment of the circuit court is reversed and the decision of the Division is reversed and the case is remanded to the Division of Family Services with directions to place the claimant on general relief from the time of the initial denial of his application to the time of the hearing on his appeal. *See Shefton v. Missouri State Division of Family Services*, 577 S.W.2d 57, 58 (Mo.App.1978).

The Division argues that only the claimant's employability was considered by it and that the case should be remanded to the Division to consider other Chapter 208 criteria of eligibility. No place in the record or in the Division's brief is there any suggestion that claimant was ineligible on any other ground than his alleged employability. If there had been a ground of ineligibility which could have been established more directly than employability, we are confident that the claimant would have been rejected on that ground without inquiry into the more complicated issue of his disability resulting in unemployability. We feel confident in putting an end to the case here and now on the record before us. This would not be our disposition of every case. If the Division had for example mistakenly decided against the claimant on a simple issue, which could be decided more or less summarily, leaving undecided the more complex disputed question of employability, a remand would be in order for the purpose of deciding the latter question. As a general thing, though, we should try to bring the litigation to an end, Rule 84.14, and not have repeated hearings and repeated appeals, issue by issue. *See Shefton v. Missouri State Division of Family Services*, 577 S.W.2d at 59.

All concur.