Fred A. FAYNE, M.D., Appellant,

v.

DEPARTMENT OF SOCIAL SERVICES, Respondent.

No. WD 43286.

Missouri Court of Appeals, Western District.

Jan. 29, 1991.

James W. Tippin, Kansas City, for appellant.

Linda M. Shine, Jefferson City, for respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

GAITAN, Presiding Judge.

The appellant, Fred Fayne, M.D., is a psychiatrist practicing in Kansas City, Missouri who treats Medicaid recipients. The respondent is the Department of Social Services (Department), charged with administering the Medicaid program in Missouri. Dr. Fayne appeals the decision of the circuit court of Jackson County which affirmed the decision of the Administrative Hearing Commission (AHC) to uphold the Department's demand for the return of overpayments to Dr. Fayne under the Medicaid program.

The Department of Social Services issued a decision on February 11, 1987, stating that appellant had, "due to incorrect billing procedures, ... been overpaid by the Missouri Medicaid Program in the amount of $7,571.50...." The "incorrect billing procedures" mentioned in the Department's decision refer to a agency prohibition against a psychiatrist "billing for more that three office psychotherapy sessions per month per recipient without the required medical necessity." This limitation is apparently applicable only to medical doctors who are psychiatrists.

In accordance with this decision, the Department ordered appellant to repay the amount of alleged overpayment. Dr. Fayne appealed the Department's determination to the AHC. The crux of Fayne's appeal to the AHC was that limiting a psychiatrist to three sessions per month with Medicaid recipients, while not so limiting other medical doctors, is a violation of his due process rights and equal protection under both the constitutions of Missouri and the United States. While the AHC upheld the decision of the Department, its formal decision expressly acknowledged its lack of jurisdiction to entertain the constitutional questions presented in appellant's amended complaint to the commission.

As allowed by Mo.Rev.Stat. § 536.100 (1986), appellant appealed the determination of the AHC to the circuit court. As with the complaint filed with the AHC, the petition filed by appellant with the circuit court was essentially predicated upon alleged violations of his rights to due process and equal protection stated in the Missouri and United States constitutions. Without deciding these constitutional questions, the circuit court affirmed the decision of the AHC upholding the Department's determination. Dr. Fayne appeals the order and judgment of the circuit court affirming the decision of the AHC.

By ordering Dr. Fayne to return the alleged overpayments, the department seeks to deprive Dr. Fayne of property. For this deprivation to be constitutionally sound, due process requires that Dr. Fayne be afforded his day in court to present all reasonable and justiciable claims why this deprivation should not occur. *See Belton v. Board of Police Comm'r of Kansas City*, 708 S.W.2d 131, 137 (Mo. banc 1986); *Estate of Busch v. Ferrell–Duncan Clinic, Inc.*, 700 S.W.2d 86, 88 (Mo. banc 1985).

Dr. Fayne's objection to the Department's decision is founded upon the Missouri and United States constitutions; specifically that demanding return of the alleged overpayments violates his right of due process and equal protection. The questions presented by appellant's complaint to the AHC and petition to the circuit court call for constitutional interpretation and application, and thus are predominantly, if not exclusively, legal in nature. Deciding such questions is beyond the authority of administrative agencies. *Duncan v. Missouri Bd. for Architects, Professional Engrs., & Land Surveyors*, 744 S.W.2d 524, 530–31 (Mo.App.1988). Thus, if appellant is to be given the hearing required by due process it must come from the courts. Mo.Rev.Stat. § 536.140 (1986), instructs courts to review agency actions that present constitutional questions presented in the petition. *See* Mo.Rev.Stat. § 536.140.1, § 536.140.2(1) (1986). Further, it is the duty of courts of competent jurisdiction to review justiciable constitutional claims put before them. *State ex rel. Hughes v. Southwestern Bell Tel. Co.*, 352 Mo. 715, 179 S.W.2d 77, 81 (Mo.1944). Therefore, the action is remanded to the circuit court with instructions to review the constitutional claims stated in appellant's petition.

All concur.