**Donald D. RADER, Appellant,**

v.

**MISSOURI STATE DIVISION OF FAMILY SERVICES,
Respondent.**

**No. WD 43877.**

Missouri Court of Appeals,
Western District.

May 7, 1991.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
June 27, 1991.

James A. Brightman, Charles D. Colborne, Kansas City, for appellant.

Linda Ray–McKenna, Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BERREY, Presiding Judge.

Appellant appeals from the circuit court's decision affirming the decision of the Missouri State Division of Family Services (hereinafter Division) denying appel-

lant's request for General Relief and Medical Assistance. Appellant alleges two points of error: (1) the rejection of his claim is not based upon competent and substantial evidence but is arbitrary, unreasonable and contrary to law in that the director failed to weigh and consider the evidence as a whole, disregarded undisputed and uncontradicted testimony and evidence submitted by appellant, and failed to properly consider vocational factors affecting applicant's employability; and (2) the court erred in affirming the decision of the director because the director failed to consider the undisputed and uncontradicted medical evidence.

Appellant applied for General Relief and Medical Assistance benefits on March 21, 1989. The Division rejected the request on May 16, 1989, alleging that applicant was not medically eligible for either program. Appellant requested a hearing on this rejection and on August 10, 1989, Peggy Torno, a hearing officer for the respondent, conducted the hearing.

Tom O'Neil, a Division case worker, testified that a person must be unemployable to be eligible for General Relief and must be totally and permanently disabled to draw medical assistance. Appellant complained of "kind of a chronic bronchitis" which severely affected his ability to breathe. Case worker O'Neil sent a request for medical information to Andrew Parrish, appellant's treating physician. Parrish returned the form certifying appellant has a "physical disability which prevents him from engaging in full-time employment on a regular basis at a normal wage rate for that employment for which his age, training, experience or education will fit him." Dr. Parrish continued, "In my opinion the expected duration of disability will be permanent." Appellant also suffered from a "frozen shoulder." Appellant's right shoulder had been operated on and the surgeon could not get all of the scar tissue removed. This resulted in restricted movement of the shoulder and was painful. Appellant testified his breathing also caused him pain. The hearing officer determined that the latest pulmonary function test showed that Rader's condition was "moderate." This test, performed April 20, 1989, showed, "an abnormal spirometry which revealed small airway disease and moderate obstructive defect without significant improvement following bronchitis." A report from Truman Medical Center of a test performed February 21, 1989, showed mild obstructive lung disease and mild restrictive disease. It was also found that the evidence did not substantiate a reoccurrence of the frozen shoulder or uncontrolled hypertension. Appellant's condition was not found to preclude all types of sales employment.

The appellant filed a timely notice of appeal to the circuit court. On August 17, 1990, the circuit court affirmed the decision of the Division. From this order, Rader appeals.

Appellant's Points I and II will be considered together as both allege that the decision of the Division was not based upon competent and substantial evidence, is arbitrary and capricious and fails to consider uncontradicted medical evidence.

Section 208.100, RSMo.1986 provides for appeal of a Director's decision to the circuit court and § 208.110, RSMo.1986 provides for appellate review. When there is a specific statute that governs review of decisions by a specific agency that statute controls to the exclusion of general statutes for judicial review of administrative decisions. *Bidnick v. Department of Social Services,* 723 S.W.2d 453 (Mo.App. 1986). It is the burden of the applicant for public assistance to establish his eligibility for public benefits. *Marshall v. State Dept. of Public Health and Welfare,* 485 S.W.2d 693 (Mo.App.1972).

The question is whether the Director's decision is supported by competent and substantial evidence upon the whole record. *Hill v. State Department of Public Health and Welfare,* 503 S.W.2d 6 (Mo.1973). The scope of this review is set forth in *Collins v. Division of Welfare,* 364 Mo. 1032, 270 S.W.2d 817 (banc 1954):

In considering whether upon the entire record before the Director, and now before us, there is substantial evidence to support the Director's findings and order we must consider only the evidence most favorable to the Director's findings and

order. That the circuit court might have, or that an appellate court, upon consideration of the record evidence de novo, could reach the opposite conclusion from that reached by the Director is neither of consequence upon, nor determinative of this appeal. *Brattin v. State Social Security Commission*, Mo.App., 194 S.W.2d 536 [ (1946) ]; *Hardy v. State Social Security Commission*, [Mo.App.] *supra* [187 S.W.2d 520 (1945) ]; *Morton v. State Social Security Commission*, Mo.App., 205 S.W.2d 272 [ (1947) ].

In considering whether there is any substantial evidence of record to support the Director's findings and order, an appellate court as a matter of law passes only upon the matters of substance. Questions concerning credibility of witnesses or the weight of the evidence are not before us upon this appeal. "Substantial evidence" is evidence which, if true, has probative force upon the issues, i.e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them; it is evidence from which the trier or triers of fact reasonably could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding from it the facts, to establish which the evidence was introduced. *State v. Miller*, Mo. Supp., 202 S.W.2d 887, 889 [ (1947) ]; *Berkemeier v. Reller*, 317 Mo. 614, 296 S.W. 739, 752 [ (1927) ]; *State v. Gregory*, 339 Mo. 133, 96 S.W.2d 47, 51, 52 [ (1936) ].

*Id.* at 820.

The Director passes upon the credibility of the witnesses, *Humphrey v. State Department of Public Health and Welfare*, 286 S.W.2d 563, 566 (Mo.App.1955). As the fact finder the Director is not required to find every statement of the appellant true. *Johnson v. State Department of Public Health and Welfare*, 283 S.W.2d 147, 149 (Mo.App.1955). The facts are examined in a light most favorable to the Director's finding. *Norman v. State Department of Public Health and Welfare*, 283 S.W.2d 143 (Mo.App.1955).

■ The appellant has accurately summarized the relevant evidence. The Director considered all of the evidence, none was disregarded. The medical evidence of the respondent found appellant's claims less severe than appellant maintained. The pulmonary tests demonstrated a mild or moderate obstruction. Appellant acknowledged he smoked a pack of cigarettes a day.

Under *Shanks v. Missouri State Division of Family Services*, 670 S.W.2d 197 (Mo.App.1984), the testimony of appellant is to be given due weight, unless it is unworthy of belief or incredible. The evidence was not uncontradicted. Although the evidence did establish that appellant had a chronic lung disease, the extent of that disease was in dispute. Tests at both Truman Medical Center and at Park Lane showed a mild or moderate disorder. The Director balanced appellant's evidence against the medical evidence and discounted appellant's complaints accordingly. Nothing before us indicates that appellant's evidence was ignored or disregarded. The appellant did not present any evidence demonstrating that his breathing problem was permanent or so severe that substantial improvement was not possible. Nor does appellant's evidence establish that he was precluded from any occupation within his competence. Both elements are required if appellant is to be eligible for medical assistance benefits. Nor did appellant demonstrate his qualification for general relief benefits. He failed to establish he was unemployable for 90 days or more. He failed to demonstrate his lung problem kept him from any occupation for which he was qualified.

The respondent's conclusions were not arbitrary or unreasonable. Appellant must meet all of the elements of the act in order to qualify for assistance. *Pollard v. Missouri State Division of Family Services*, 752 S.W.2d 466, 468–69 (Mo.App.1988). Points I and II are denied.

The judgment is affirmed.

All concur.