**OVERLAND OUTDOOR ADVERTISING COMPANY, INC., Plaintiff/Respondent,**

v.

**STATE ex rel. Missouri HIGHWAY AND TRANSPORTATION COMMISSION, Defendant/Appellant.**

No. 60288.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 28, 1992.

Lynn Ann Whaley, Paul R. Ferber, Government Counsel, St. Louis, for defendant/appellant.

John S. Pletz, Jefferson City, for plaintiff/respondent.

CRANE, Judge.

Defendant Missouri Highway and Transportation Commission [Commission] appeals from the order of the circuit court setting aside its decisions relating to removal of advertising billboards on the grounds that photocopies of exhibits in the court file were illegible, and thus the agency decision was not supported by competent and substantial evidence. We reverse the judgment of the circuit court and remand.

In 1979 the Commission notified Overland Outdoor Advertising Company [Over- land] that it must remove two billboards which the Commission alleged were erected between January 1, 1968 and March 20, 1972 in violation of the Missouri Highway Beautification Act, § 226.500 *et seq.* RSMo 1978. Overland requested hearings to contest the notices. The hearing examiner conducted hearings in 1985, during which applications for a permit to maintain outdoor advertising for both billboards were admitted into evidence. The Commission, upon a request for administrative review, concluded that the billboards were not lawfully existing signs and were subject to removal without compensation.

Overland filed a petition for review in the Circuit Court of Franklin County pursuant to § 536.110 RSMo 1986. The Commission, at the request of Overland, prepared and filed in the circuit court the record before the agency as required by § 536.130 RSMo 1986. The record included the hearing transcript and exhibits. Instead of the originals, however, photocopies of the applications for permits to maintain outdoor advertising for both signs were filed with the circuit court. In its judgment the court found the photocopies of the applications to be illegible and therefore that the findings of the Commission were not supported by competent and substantial evidence. The court set aside the Commission's decisions. The Commission filed a Motion to Set Aside Judgment and Request for Reconsideration of the Evidence along with the original applications which were legible. The Commission suggests that its motion was summarily denied, but the record on appeal does not indicate if or how the trial court ruled on this motion.[1]

■ The Commission argues that competent and substantial evidence supported the decision of the Commission. We do not reach this issue because the trial court never reached this issue on the merits, but ruled against the Commission as a result of the poor quality of the photocopies of the exhibits. The statutes governing review of administrative action assume a meaningful review by the circuit court to eliminate

---

1. The Commission's brief contains no page references to the legal file. We do not condone this failure to follow the rules of appellate pro- cedure. *State ex rel. Missouri Highway and Transportation Commission v. Pipkin,* 818 S.W.2d 688 (Mo.App.1991).

cases from further review in which no real issue of interpretation or construction of statutory or decisional law is concerned. *Shefton v. Missouri State Division of Family Services,* 577 S.W.2d 57, 59 (Mo. App.1978). A denial of such meaningful review is not only a denial of a statutory right but also taxes an overburdened appellate system with unnecessary appeals. *Id.* It is in the public interest that courts should determine cases on the merits if possible, especially where the party in default has attempted in good faith to comply. *Greene County v. Hermel, Inc.,* 511 S.W.2d 762, 764 (Mo.1974).

It appears from the contents of the briefs before the trial court and the representation of counsel for the Commission at oral argument that the parties were unaware of the illegibility of the photocopies until the court entered its order. After the court ruled, the Commission filed the original applications as part of its motion to set aside judgment and request for reconsideration of the evidence.

■ Section 536.130.4 allows the circuit court to require or permit corrections of or additions to the record. It is apparent from the testimony in the transcript that the original applications or at least legible copies thereof were before the Commission and thus could permissibly be used to correct the record. *Tonkin v. Jackson County Merit System Com'n.,* 599 S.W.2d 25, 30 (Mo.App.1980). Under the circumstances of this case, where meaningful review was precluded by the court's failure to require or permit the record to be corrected by more legible copies or original documents, the circuit court abused its discretion by not permitting or requiring a correction.

We reverse the judgment of the circuit court and remand for full consideration of the record as corrected by the copies or originals of the applications that were before the Commission.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.