Melissa D. HAYNES, Appellant,

v.

**MISSOURI STATE DIVISION OF FAMILY SERVICES,**
Respondent.

No. WD 47919.

Missouri Court of Appeals,
Western District.

Feb. 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1994.

Application to Transfer Denied
May 26, 1994.

---

Effie F. Day (Legal Aid), Kansas City, for appellant.

Linda Ray McKenna (Div. of Legal Services, Dept. of Social Services), Jefferson City, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

When Melissa Haynes applied for Medicaid benefits on September 17, 1990, she was pregnant, 16 years of age, and living with her mother. At issue in this appeal is whether the income of Haynes' mother may be considered in determining whether benefits should be granted to Haynes under Missouri's "General Relief Unborn Children program." We affirm the judgment of the trial court which concluded that the state correctly denied the benefits.

The purpose of the unborn children program is to provide medical assistance for eligible pregnant women during their pregnancies. When Haynes submitted her application for benefits, she had no income. The

Division of Family Services (DFS) rejected Haynes' application because, after considering her mother's income, she was not eligible.

Haynes appealed the denial of her application and requested a hearing before DFS. On February 7, 1991, a hearing was held before a hearing officer. On March 27, 1991, DFS' director affirmed the denial.

Haynes appealed the director's decision to the circuit court on June 19, 1991. On May 13, 1993,[1] the circuit court concluded that the decision was supported by competent and substantial evidence and was authorized by law. Haynes appeals to this court.

■ Our review is limited to determining whether the director's decision violated constitutional provisions, exceeded DFS' statutory authority or jurisdiction, was supported by competent and substantial evidence upon the whole record, was authorized by law, was made upon lawful procedure with a fair trial, was not arbitrary, capricious or unreasonable, or was a proper exercise of discretion. Sections 208.100(5), 208.110, and 536.140;[2] Mo. CONST. art. V, § 18 (1945).

■ Haynes contends that the director erred in considering the income of Haynes' mother because to do so was "contrary to and unauthorized by law in that federal law and [DFS'] own policy provisions prohibit the consideration and deeming of grandparent income in determining eligibility of an unborn grandchild for ... Medicaid benefits[.]" Haynes argues that DFS must budget Haynes' case as if her child were born and that DFS may not deem income from a grandparent to an unborn child.

■ In the Medicaid program, federal and state governments share the costs of providing medical treatment for low income individuals. Missouri is not obligated to participate in the program. By participating, it is obligated to comply with federal requirements. *Olson v. Norman,* 830 F.2d 811, 814 (8th Cir.1987).

Haynes applied for Medicaid under the "General Relief Unborn Children" program which provides medical coverage for certain low-income, pregnant women. 42 U.S.C. § 1396a(a)(10)(A)(i); § 208.151, RSMo Cum. Supp.1991. In determining whether the pregnant woman is entitled to benefits, DFS must budget as if the woman's child was born and living with her at the time she applied for assistance. INCOME MAINTENANCE MANUAL, Ch. II, § VII, and STATE MEDICAID MANUAL, HCFA Pub. 45–3, § 3571.1 A, Transmittal No. 45 (June 1990). However, 42 U.S.C. § 1396a(a)(17)(D) provides that, for computing income and resources, "the financial responsibility of any individual for any applicant or recipient of assistance under the plan" is not to be considered "unless such applicant or recipient is such individual's spouse or such individual's child who is under 21[.]"

DFS' manual for the program says, "If either the pregnant woman, or spouse if living in the home, are under age 18 and living with a parent(s) or legal guardian(s) of the one under age 18, a computation will need to be completed for deeming income of those persons to the assistance group." INCOME MAINTENANCE MANUAL, Ch. II, § VII. The manual also says in another section:

> The income of a minor parent's own parent(s) or legal guardian(s) must be counted in determining eligibility and grant amount, subject to certain disregards, if such individual(s) lives in the same household as the assistance group but is not a member of the assistance group.
>
> A grandparent's/legal guardian's income may not be deemed to a grandchild in determining Medicaid eligibility.

*Id.* at Ch. I, § III.d.

Haynes asserts that the medical benefits were for her unborn child, and, therefore, the income from her mother (the unborn child's grandmother) could not be lawfully considered. We disagree.

---

1. The circuit court amended its order on May 25, 1993, by deleting the assessment of costs against Haynes.

2. All statutory references are to the Missouri Revised Statutes of 1986 unless otherwise indicated.

The benefits were for Haynes as a pregnant woman. Haynes applied for the Medicaid benefits under a special program for pregnant women. Neither the federal nor state statutes speak in the terms of the "unborn child" as the applicant or recipient of benefits; they speak, instead, of the "pregnant woman." The purpose of the program is to ensure that the mother stays healthy and can give birth to a healthy child. The unborn child benefits indirectly from prenatal care of its mother, but that care is administered to its mother.

Haynes relies heavily upon *Lewis v. Grinker*, 965 F.2d 1206 (2nd Cir.1992), as support for her position. In *Lewis*, the Secretary of Health and Human Services denied Medicaid benefits to pregnant aliens. The court concluded that Congress did not intend to deny these women Medicaid-sponsored, prenatal care because their children would become United States citizens at birth. The court reasoned that prenatal care "principally benefits the fetus," *id.* at 1218, and this is the language upon which Haynes seizes. The court, however, also noted that recent amendments in the Medicaid statutes indicated a "shift from a fetal centered to a maternal centered approach to prenatal care." *Id.* at 1209.

In *Douglas v. Babcock*, 990 F.2d 875 (6th Cir.1993), the court affirmed denial of Medicaid benefits to a pregnant woman because of her failing to cooperate in a paternity action. The woman relied in part on the *Lewis* decision to contest her denial of benefits. The court, however, criticized the *Lewis* decision and declined to follow it. The court recognized the shift to maternal-centered, prenatal care and concluded that the "shift necessarily places more emphasis on the mother as the recipient of Medicaid pregnancy-related care." *Id.* at 880. The court stated:

We have fundamental concerns with the reasoning in *Lewis v. Grinker*, and its applicability to the case before us. The Second Circuit in *Lewis*, instead of focusing on applying the applicable law as written by Congress, instead sought to determine what it deemed Congress's broader "intent." [*Lewis*, 965 F.2d] at 1208. We do not believe our proper judicial role is to divine Congress's unlegislated intent, or to make the statutes comport with what we believe Congress's preferred policy to be, or what it ought to be. Rather, this court must apply the law as written, even when a result is produced that we may personally question. The perceived legislative history of the relevant statutes should not be allowed to trump duly enacted laws even if the "unenacted" legislative policy, intent, or history is clear.... We decline to follow the approach of *Lewis*.

We, too, decline to follow *Lewis* and conclude that Haynes, not her unborn child, was the applicant for, and recipient of, Medicaid pregnancy-related care. The director properly concluded that the income of Haynes' mother may be deemed to Haynes.

Haynes emphasizes that government regulations require that a woman's benefits be "budgeted" as if the child was already born. This, however, does not mean that the Medicaid application is for the unborn child or even that the unborn child is the recipient of the benefits; it merely means that DFS must count the unborn child as a member of the "assistance group," *i.e.* the income will be budgeted for a two person household. DFS did budget the unborn child as already born and included the unborn child in Haynes' "assistance group."

DFS is prohibited from taking into account grandparents' income if the grandchild is the applicant or recipient of the Medicaid benefits. In this case, the unborn child was neither the applicant nor recipient. Haynes' point is denied.

■ Haynes also argues that the director's decision violated the equal protection clause of U.S. Const. amend. XIV. She contends that DFS has established two classes of children in need of medical care—unborn children and born children—and that it denies Medicaid benefits to unborn children without any rational basis. We disagree. The equal protection clause is not implicated. The program does not classify according to whether children are born or unborn. It is a program for pregnant mothers, and it classifies mothers according to eligibility requirements not

complained of in this case. Haynes' point is without merit.

The director's decision was authorized by law and was not arbitrary, capricious, or unreasonable. We affirm the trial court's judgment.

All concur.