Nicholas LANDOLL b/n/f Karen LANDOLL and Karen Landoll, Individually, Respondents,

v.

William DOVELL, Appellant.

STATE ex rel. William DOVELL, Relator,

v.

Honorable Richard T. ENRIGHT, Judge, Circuit Court, St. Louis County, et al., Respondents.

Nos. 70009, 70011.

Supreme Court of Missouri, En Banc.

June 14, 1988.

---

Allan F. Stewart, Clayton, for appellant.

Joseph G. Nassif, Richard L. McLennan, St. Louis, for respondents.

ROBERTSON, Judge.

These consolidated cases are founded on a paternity action filed by the minor Nicholas Landoll and by his mother Karen Landoll, against William J. Dovell, Jr.[1] The underlying action seeks a declaration that the defendant is the father of the minor child, enforcement of a contract allegedly entered into between Karen Landoll and Dovell for the provision of child support for Nicholas, and for an order of temporary support *pendente lite.* Dovell specially appeared contesting the trial court's jurisdiction, filing a motion to quash service of process or, in the alternative, to dismiss the action on the grounds of *forum non conveniens.* The trial court overruled the motion. Dovell answered, denying paternity. Subsequently, the Landolls filed motions for summary judgment on the issue of paternity based on blood tests to which Dovell and the Landolls voluntarily sub-

mitted and for specific performance of the alleged agreement of support. The Landolls also filed a motion for child support *pendente lite.*

Dovell sought a writ of prohibition in the Court of Appeals, Eastern District. Following the Court of Appeals' denial of the writ but on the same day, the trial court sustained the Landoll's summary judgment motion on the issue of paternity and ordered defendant to pay $1,200 per month child support *pendente lite.* The trial court's order reads as follows:

### ORDER

Plaintiffs' motion for summary judgment on the issue of paternity, having been previously argued and submitted, is hereby granted.

The Court decrees that Defendant William Dovell is the father of the minor child, Nicholas Landoll, and is obligated to contribute to the support of Nicholas Landoll.

Therefore, Defendant William Dovell is ORDERED to pay to plaintiff Karen Landoll for the support of Nicholas Landoll the sum of $1200.00 per month as support *pendente lite* until final judgment is entered in this cause.

So ordered.

s/Richard T. Enright, Judge

Dated: August 17, 1987

Dovell filed a notice of appeal. The Landolls filed a motion to dismiss Dovell's appeal, claiming that the trial court's order of support was not a final appealable order. The Court of Appeals sustained the motion and dismissed the appeal. Dovell sought transfer to this Court.

Dovell also filed a writ of prohibition in this Court in four counts seeking to prohibit the trial court from exercising jurisdiction on the grounds: (1) of *forum non conveniens,* (2) that the trial court lacked

---

1. We do not set out the complete factual aspects of Dovell's relationship with the Landolls in this opinion. These facts may provide a basis for the trial judge's summary judgment; we offer no judgment on the substantive merits of that order. This case focuses on the bare question

of the authority of courts in this state to award *pendente lite* support in paternity actions. The facts are of great significance in determining paternity; they give no guidance on the issue of the court's authority to order support.

jurisdiction to proceed with the hearing on the motions for summary judgments and temporary support in that neither was ripe for adjudication, relator not having had sufficient time in which to file responsive pleadings, (3) material issues of fact exist which render summary judgment inappropriate, and (4) that the trial court lacked the authority to enter an order for child support *pendente lite* in a paternity action.

We granted transfer and issued our preliminary rule in these cases for the purposes of determining the authority of trial courts to enter orders for support *pendente lite* in paternity cases (No. 70011) and, if such authority exists, whether such orders are appealable upon entry (No. 70009). We have jurisdiction. Mo. Const. art. V, §§ 4.1 & 10. Finding that the circuit court is without authority to enter a child support order *pendente lite* in a paternity action, we make our preliminary rule absolute. Appellant's appeal is dismissed as moot.

### I.

On the dispositive point, Dovell argues that the trial court has no jurisdiction to award child support *pendente lite* in paternity case there being neither statutory nor inherent authority in the court for such an order. Respondent counters urging that the courts possess inherent equitable power to provide for the needs of minor children, *Stegemann v. Fauk*, 571 S.W.2d 697, 701 (Mo.App.1978) and *Urbanek v. Urbanek*, 503 S.W.2d 434, 441 (Mo.App.1973), that orders *pendente lite* are authorized for child support in matters of dissolution of marriage, Section 452.315, RSMo 1986, and that principles of equal protection, U.S. Const. amend. XIV, prohibit discrimination against illegitimate children in matters of child support. *R. v. R.*, 431 S.W.2d 152, 154 (Mo.1968); *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973).

Section 452.315 provides in pertinent part:

1. In a proceeding for dissolution of marriage or legal separation, either party may move ... for temporary support for children entitled to support....

\*     \*     \*     \*     \*     \*

5. On the basis of the showing made and in conformity with section 452.335 on maintenance and section 452.340 on support, the court may issue ... an order for temporary maintenance or support in such amounts and on such terms as are just and proper in the circumstances.

The statute provides authority for support *pendente lite* in matters relating to dissolution of marriage. No provision is made either in Section 452.315 or elsewhere for temporary support orders in paternity actions.[2]

The purpose of awards *pendente lite* is to preserve the *status quo*. *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 683 (Mo.App. 1982). In dissolutions of marriage, the *status quo* invokes no question of the paternity of the children of the marriage. Maintenance of the *status quo* thus requires the father to continue to support his children. An award of support *pendente lite* in a dissolution proceeding merely continues an existing obligation.

A paternity action comes to life because of a denial of fatherhood and concommittantly a denial of any responsibility to support the child who seeks support. Paternity actions thus do not share the same firm foundation of obligation upon which to require temporary child support as is found where no dispute of paternity exists and in dissolution actions. Thus, a *pendente lite* order in a paternity case does not protect the *status quo*, it creates a new obligation. While we have no hesitation in invoking our inherent powers to assure the support and welfare of minor children by enforcing an existing obligation, we will not invoke inherent, equitable powers to create an obligation until a final determination of paternity is made.

---

**2.** The absence of statutory authority is significant. We believe that the better reasoned decisions allowing *pendente lite* child support in paternity actions have relied on a statutory predicate. *See, e.g., Commonwealth v. Lobo,* 385 Mass. 436, 432 N.E.2d 496 (1982) and *Ma-*

*chacek v. Voss,* 361 N.W.2d 861 (Minn.1985). While there are cases which permit *pendente lite* support without statutory authority, we do not believe those cases are persuasive and choose not to follow them.

The distinction between paternity actions and dissolution actions also provides the rationale for rejecting respondent's equal protection arguments. There is no question but that once paternity is firmly established, an illegitimate child is as entitled to support from his father as is the legitimate child. *R. v. R.*, 431 S.W.2d at 152, so holds; we offer no retreat from that decision here. Nevertheless, the application of equal protection relies on a final judgment of paternity. Absent a final judgment of paternity, there can be no discrimination against the illegitimate child, since the very relationship which creates the obligation of support is not finally determined.

We hold that trial courts do not possess the authority to order child support *pendente lite* in paternity actions.

## II.

Respondent argues that prohibition is improper in this case in that Dovell may appeal an award of temporary support. Respondent's argument improperly assumes that the trial court possesses authority to issue its order of support *pendente lite;* we hold the contrary view.

In *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862 (Mo. banc 1986), this Court considered situations in which prohibition is appropriate. "[W]e will entertain a writ of prohibition where there exists a clear excess of jurisdiction or abuse of discretion such that the lower court lacks the *power* to act as contemplated." [Emphasis in original].

In this case, respondent lacks the power to award child support *pendente lite* in this paternity action for the reasons previously stated. Prohibition lies in these circumstances.

## III.

We are not unaware of the hardship which this ruling may place on children during the pendency of paternity actions. Yet, in cases like this in which related issues remain unresolved after the trial court has decided the paternity issue against the putative father, our rules provide a method by which the trial court may declare its ruling final and thus appealable. Rule 74.01(b) provides in pertinent part,

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties.

In *Speck v. Union Electric Co.,* 731 S.W. 2d 16, 20 (Mo. banc 1987), this Court considered Rule 81.06 (repealed), the predecessor to Rule 74.01(b), and reaffirmed *Spires v. Edgar,* 513 S.W.2d 372 (Mo. banc 1974) and *Dotson v. E. W. Bacharach, Inc.,* 325 S.W.2d 737 (Mo.1959). We held that the trial court has discretion to determine whether to designate its judgment as final. Rule 74.01(b) vests the same discretion in our trial courts and permits appeals to proceed in due course upon "an express determination that there is no just reason for delay." Judicious employment of Rule 74.-01(b) may help alleviate the hardship inherent in matters relating to child support in paternity actions.

## IV.

We need not reach the other issues raised in relator's petition for writ of prohibition, given the result we reach. Our preliminary rule in No. 70011 is made absolute. The appeal in No. 70009 is dismissed as moot.

All concur.