**L.N.M., by L.M., and L.M., Individually,
Plaintiff–Appellant,**

**v.**

**A.J.P., Defendant–Respondent.**

**No. 58115.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 4, 1990.

Edgar, Frawley, Gillespie & Brown, Webster Groves, for plaintiff-appellant.

Charles P. Todt & Associates, Clayton, Mary M. Albert, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Justice.

On September 20, 1988, L.M. (mother), individually, and as next friend of minor L.N.M., brought an action seeking a declaration of paternity and an award of custody and support. Count I of mother's petition sought a determination as to whether A.J.P. was L.N.M.'s father, born to mother June 20, 1988. Count II of mother's petition sought: (1) $1,500 for expenses incurred for the birth and maintenance of L.N.M.; (2) $500 for expenses incurred for the prenatal/post-natal care of L.N.M.; and (3) an award from the court for maintenance and support of L.N.M.

On October 19, 1988, A.J.P. filed an answer to mother's petition denying paternity. On February 27, 1989, the mother was deposed on behalf of A.J.P. Thereafter, on July 18, 1989, A.J.P. filed an unsworn and undated stipulation and agreement stating to be the father of L.N.M.

On December 28, 1989, mother filed a verified motion for child custody and child support pendente lite. Mother's petition sought that A.J.P. was the father of L.N.M. and that by stipulation and agreement filed with the trial court A.J.P. had admitted paternity. Mother's petition also sought $475 per month for support of L.N.M. On January 29, 1990, the trial court dismissed mother's petition stating it lacked jurisdiction over pendente lite motions in paternity actions. On March 12, 1990, mother brought this appeal.

After mother's filing notice of appeal with this court, A.J.P. filed a motion to withdraw his stipulation and agreement pursuant to Rule 59. On March 23, 1990, the trial court denied A.J.P.'s motion stating that "the provisions of Rule 59 regarding withdrawal of admissions do not apply. The court also makes no finding as to the effect of said Stipulation and Agreement."

On appeal mother argues that the trial court erred in dismissing her verified motion stating that it lacked jurisdiction to enter an order for child support pendente lite in a paternity action. Mother contends that the trial court misapplied the law where alleged father has signed a stipulation and agreement admitting to be the father of said child, thereby no longer placing the issue of paternity in question. Mother argues further that where no dispute of paternity exists, an order for child support pendente lite does not create a new obligation of support, but rather merely enforces an existing obligation.

The Supreme Court, in *Landoll by Landoll v. Dovell*, 752 S.W.2d 323 (Mo. banc 1988), clearly held that the trial court is without authority to enter a child support order pendente lite in a paternity action. The court reasoned that "[w]hile we have no hesitation in invoking our inherent powers to assure the support and welfare of minor children by enforcing an existing obligation, we will not invoke inherent, equitable powers to create an obligation until a final determination of paternity is made." *Landoll*, 752 S.W.2d 323 at 325. The Supreme Court stated that awards of pendente lite are intended to maintain the status quo pending final judgment. *Landoll*, 752 S.W.2d 323 at 325, *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 683 (Mo.App.1982). The Court explained that in dissolution of marriage actions, the status quo invokes no question of the paternity of the children of the marriage. Thus, maintenance of the status quo requires the father to continue to support any children born of the marriage and that an award of support pendente lite in a dissolution proceeding merely continues an existing obligation. *Landoll*, 752 S.W.2d 323 at 325.

However, the Supreme Court stated that a pendente lite order in a paternity case does not protect the status quo, but instead creates a new obligation. Further-

more, the Court explained that paternity actions do not share the same firm foundation of obligation upon which to require temporary child support as is found where no dispute of paternity exists as in dissolution actions. *Landoll*, 752 S.W.2d 323 at 325. Here no final determination of paternity has been made. Here, the parties are not married and there has not been a final determination as to the issue of paternity.

Nonetheless, appellant mother contends that there has been a final determination as to the issue of paternity based on A.J.P.'s stipulation and agreement stating that he is the natural father of L.N.M.. Appellant mother argues that A.J.P.'s statement "constitutes a judicial admission" and that "such an admission is conclusive on the issue of paternity."

> A true judicial admission is an admission made in court or preparatory to trial by a party or his attorney, which concedes for the purposes of that particular trial the truth of some alleged fact so that one party need offer no evidence to prove it, and the other party ordinarily is not allowed to disprove it. It removes the proposition in question from the field of disputed issues in the particular case wherein it is made. It is a substitute for evidence in the sense that it does away with the need for evidence on that subject in that cause. *Thornton v. Rowlett*, 613 S.W.2d 177, 179 (Mo.App.1981); *May v. May*, 294 S.W.2d 627, 634 (Mo.App. 1956).

Here, A.J.P.'s unsworn and undated stipulation and agreement that he is the natural father of L.N.M. does not constitute a judicial admission.

Pursuant to Rule 84.19 respondent A.J.P. filed a motion for damages for frivolous appeal. The motion is hereby denied.

Affirmed.

KAROHL and GRIMM, JJ., concur.