Charles GEORGE, Employee–Appellant,

v.

**SHOP 'N SAVE WAREHOUSE FOODS, INC., Employer–Respondent,**

U.S. Fire Insurance, Insurer, Defendant.

No. 62761.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 15, 1993.

Robert H. Sihnhold, St. Louis, for appellant.

Uthoff, Graeber, Bobinette & O'Keefe, Richard B. Blanke, Charles W. Bobinette, St. Louis, for respondent.

PUDLOWSKI, Judge.

Claimant, Charles George, appeals the denial of a workers' compensation award entered by the Labor and Industrial Relations Commission (Commission). In his sole point, claimant asserts that the Commission erred in determining that there was no connection between claimant's occupational exposure to a cold environment and the permanent "aggravation, exacerbation and/or other hastening" of his disabling disease. We affirm.

Until 1985, claimant had been employed as a meat cutter for most of his adult life. From February 28, 1984 until February 12, 1985, claimant worked for respondent Shop N' Save. Claimant was variously employed in the fish department and the meat department of respondent's store. Both jobs required claimant be exposed to the "cold room" and the freezer for extended periods of time.

Prior to his employment, claimant was diagnosed as having cryoglobulinemia, a disease characterized by the presence of excess protein in the bloodstream. The excess protein causes the blood to form gels when the body is exposed to cold temperatures. The disease progressed rapidly over the course of the year during which claimant was employed as a meat cutter by Shop N' Save. By February 1985, claimant had become completely disabled. He has not worked since February 1985.

The uncontroverted evidence demonstrates that claimant was exposed to cold temperatures in a freezer and a cold room for extended periods each day. Dr. Deborah L. Parks, testifying on behalf of claimant, stated that exposure to the cold exacerbated claimant's condition, but she could not testify to a certainty that the progression of the permanently disabling aspects of claimant's disease was hastened by exposure to the cold. Dr. John P. Atkinson who had examined and treated the claimant prior to his employment with Shop N' Save, testified on behalf of respondent and answered affirmatively that claimant's disease would have run the same course irrespective of his exposure to the cold at Shop N' Save. He further testified that the exposure to cold temperatures at Shop N' Save was not responsible for his subsequent medical problems. Thus, the doctor's position was that the permanently disabling aspects of the disease were not exacerbated or accelerated by his exposure to the cold. The discord in the medical evidence centered on the influence of the cold

exposure at work on the progression of the permanently disabling effects of the disease.

The administrative law judge entered an award allowing compensation. The Labor and Industrial Relations Commission, with one member dissenting, reversed the administrative law judge and denied recovery. Claimant appealed the denial of his award.

Additional facts will be developed as necessary.

■ On appeal, claimant asserts that he should have been awarded compensation because there was medical evidence to sustain his claim that exposure to cold temperatures at work accelerated the onset or exacerbated his disease. When reviewing the propriety of an award by the Commission this court is constrained to the determination of (1) whether there was sufficient competent evidence to warrant the making of the award; (2) whether the Commission acted in excess of its powers; (3) whether the award was procured by fraud; or (4) whether the facts found by the Commission support the award. § 287.495.1, RSMo 1986. It is the duty of the reviewing court to determine from the record as a whole whether the Commission could reasonably have made its findings and award, reviewing the record in the light most favorable to the Commission. *Sansone v. Joseph Sansone Const. Co.*, 764 S.W.2d 751, 752 (Mo.App.1989). When the right to compensation depends on the acceptance of one of two competing medical theories, the issue is one of fact and the Commission's finding will not be disturbed unless the Commission acted unreasonably in accepting testimony that was not substantial or decided the issue contrary to the overwhelming weight of the evidence. *Hutchinson v. Tri–State Motor Transit*, 721 S.W.2d 158, 162 (Mo.App.1986).

■ In the instant case, the Commission based its denial of claimant's award upon a failure of claimant to meet his burden of establishing that his physical ailments resulted from the existing conditions while in the performance of his customary duties. We find that there is substantial evidence to support this conclusion. The Commis-

sion specifically stated in its award that it relied upon two affirmative averments in Dr. Atkinson' testimony. The doctor testified that claimant's disease would have progressed at the same rate irrespective of his exposure to the cold. Additionally, Dr. Atkinson testified that it would be "reasonably likely" that claimant would have experienced a similar progression of his disease if he had been exposed to a warm climate and not exposed to the cold temperatures at Shop N' Save. In addition to the aforementioned testimony relied on by the Commission, Dr. Atkinson affirmatively stated that the permanently disabling aspects of claimant's disease were unaffected by exposure to the cold. We find Dr. Atkinson's entire testimony constitutes sufficient evidence for the Commission to conclude that the ultimate progression of the permanently disabling aspects of claimant's disease (kidney disfunction) was unaffected by exposure to the cold.

Although claimant presented testimony which, if it had been accepted by the Commission would have favorably supported an award, the Commission was not compelled to believe his evidence and was at liberty to reject all or any part of it which it did not consider credible and accept as true contrary evidence adduced by Shop N' Save. *See Hutchinson, supra.*

Accordingly, we affirm the decision of the Commission denying compensation.

CRANDALL, P.J., and GRIMM, J., concur.