Richard B. RICE, Appellant,

v.

STATE FARM INSURANCE CO., Respondent,

and

Treasurer of the State of Missouri, as custodian of the Second Injury Fund.

No. 65575.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 18, 1994.

Margaret M. Mooney, St. Louis, for appellant.

Raymond J. Flunker, Evans & Dixon, St. Louis, for State Farm Ins. Co.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maria W. Campbell, Asst. Atty. Gen., Jefferson City, for Second Injury Fund.

GARY M. GAERTNER, Judge.

Appellant, Richard B. Rice, appeals the Labor and Industrial Relation Commission's (hereinafter "Commission's") Final Award denying workers' compensation benefits. We reverse the Commission's award and remand for an evidentiary hearing on appellant's claim.

Appellant Richard B. Rice (hereinafter "employee") has worked for respondent State Farm Insurance Company (hereinafter "employer") since 1968. On December 8, 1988, employee worked in employer's Woodfield Service Center. On that date, employee was called into the office of the Divisional Claim Superintendent, Virginia Hodapp, and informed by Ms Hodapp that accusations of

sexual harassment had been made against him. Several female co-workers in the Woodfield office had complained about employee during an investigation of sexual harassment claims against another male employee. Specifically, the female co-workers accused employee of touching them and making offensive comments to them, and continuing with such behavior after being told to stop. Employee denied these accusations.

Employee was suspended for three days without pay while the investigation into the accusations continued. On December 13, 1988, employee met with Ms. Hodapp and two supervisors. Ms. Hodapp informed employee that, as a result of the investigation, it was concluded employee had sexually harassed female co-workers and that such behavior constituted job related misconduct. Due to this misconduct, employee was to be transferred to another office. Employee was also directed to refrain from participating in any behavior which might constitute sexual harassment, prohibited from returning to the Woodfield office, given a below-expected performance rating for the year, and warned that any negative or retaliatory behavior would not be tolerated.

On December 14, 1988, employee reported to the Kennerly Service Center and met with Darrell Baird. While reviewing the aforementioned conditions with Mr. Baird, employee began weeping uncontrollably and felt unable to work. After driving home employee made an appointment for medical assistance at St. John's Mercy Medical Center. Employee was admitted as an inpatient on December 15. The admitting doctor's assessment was adjustment disorder with mixed emotional features.

Employee filed a claim for compensation, alleging mental injuries from the sexual harassment charges brought against him. The Division of Workers' Compensation (hereinafter "the Division") set the matter for a hearing to determine whether employ-

ee's alleged injuries arose out of and in the course of his employment.

The Administrative Law Judge (hereinafter "ALJ") for the Division directed the parties to submit statements of fact and memoranda of law in lieu of a trial. The ALJ assured the parties that if a factual dispute became apparent from their statements of facts, a trial would be held.

Both parties submitted briefs. The ALJ decided the case on these submissions alone; no trial was held, no evidence was admitted, no exhibits were introduced, and no testimony was heard.

On February 23, 1993, the ALJ issued an award denying employee's claim. The ALJ adopted, virtually verbatim, the memorandum of law submitted by employer as the award.[1] According to the award, employee's injury did not arise out of and in the course of his employment. The basis for this finding was discussion in employer's brief of an alleged admission made by employee in deposition testimony that he kissed one female co-worker and "hip checked" two others. The ALJ determined such behavior was outside of and not incidental to employee's job duties; furthermore, employee, as the aggressor in the actions leading to his alleged injuries, was not entitled to compensation for those injuries.

Employee appealed to the Commission. Employee filed a motion to submit additional evidence, noting that no evidence had actually been entered before the ALJ. The Commission denied employee's motion. Employee also filed a motion to strike all references to employee's alleged admission of kissing and hip checking from employer's brief, claiming the testimony was outside the record because it was never admitted into evidence before the ALJ. The Commission granted the motion, declaring it would not consider evidence outside the stipulated facts submitted by the parties.[2]

---

1. The ALJ's only changes to employer's memorandum was the substitution of "Findings of Fact and Rulings of Law" for "Memorandum of Law," and the addition of the final statement, "Second Injury Fund is hereby moot."

2. There appears to be a typographical error in the record at this point. Although it was employee who filed the motion to strike the admission from employer's brief, the order granting the motion refers to the motion as that of the *employer*, seeking to strike a portion of *employee's* brief. The record does not contain any motion to strike

On January 13, 1994, the Commission summarily affirmed the ALJ in a Final Award Denying Compensation, incorporating the ALJ's award in its entirety, including references to the admission of employee that had been struck from employer's brief. This appeal ensued.

■■■ Before addressing employee's points on appeal, we note employee's motion to supplement the record. The record before the Commission consisted of the briefs of employee and employer before the Commission, the employer's memorandum of law before the ALJ, the employee's reply brief before the ALJ, and the ALJ's award. Employee's brief before the ALJ was not contained in the record certified by the Commission and filed before us.[3] Employee offers employee's brief before the ALJ as "Exhibit A" in his motion to supplement the record.

■■■ This Court reviews the findings of the Commission, not those of the ALJ. *Young v. Handy Andy*, 831 S.W.2d 947, 948 (Mo.App.E.D.1992). The relevant question on review is not whether the Commission deferred to the ALJ's decision, but whether sufficient competent evidence exists in the record to support the Commission's decision as a fact tribunal. *Hatter v. Cleaning Service Co.*, 814 S.W.2d 951, 955 (Mo.App.W.D. 1991). The only record an appellate court can review is the record certified by the Commission as containing all documents and papers on file in the matter. *Causey v. McCord*, 763 S.W.2d 155, 156 (Mo.App.S.D. 1988). Employee's brief before the ALJ was not before the Commission and could not have formed the basis for the Commission's

decision. *Id.* We accordingly cannot consider that brief as part of the record on appeal. Employee's motion is denied.

Employee raises four points on appeal. For his first point, employee contends the Commission's award was not based upon sufficient competent evidence in the record, as no evidence was ever introduced at any stage of the proceedings. For his second point, employee alleges the Commission acted in excess of its powers by issuing an award that was not based upon any evidence in the record. Employee's first two points ask for the same relief—reversal of the Commission and remand for an evidentiary hearing—and rest upon the same premise—the award of the Commission was not based upon sufficient competent evidence in the record. For purposes of this opinion, therefore, we consolidate employee's first two points and treat them as one.[4]

■■■ When reviewing an award of the Commission, this Court is limited to determining whether (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. RSMo § 287.495.1 (1993); *George v. Shop 'N Save Warehouse Foods*, 855 S.W.2d 460, 462 (Mo.App.E.D. 1993). This Court reviews the whole record, including all evidence and legitimate inferences drawn therefrom, in the light most favorable to the Commission's award. *Bell v. Arthur's Fashions, Inc.*, 858 S.W.2d 760, 762 (Mo.App.E.D.1993). However, if no evidence

---

filed by employer. The reasonable conclusion is that the Commission inadvertently switched the parties in its order. We will assume the Commission's order granting employer's motion was intended to apply to employee's motion to strike.

**3.** In fact, it is unclear whether the brief was even before the ALJ. The brief was file stamped "Received" by the Division. A court of record speaks only through its records, which import absolute verity. *Brown v. General Motors Assembly Div.*, 695 S.W.2d 501, 502 (Mo.App.E.D. 1985). A court's stamp on documents filed by the parties constitutes proof such documents are part of the record. *See State ex rel. Nassau v. Kohn*, 731 S.W.2d 840, 843 (Mo. banc 1987).

Here, employee's brief was file stamped, indicating it was in fact received by the Division and incorporated into the record. However, other facts raise doubts as to whether the ALJ actually had the brief before him. The ALJ adopted employer's brief as the award without comment, and employee's brief before the ALJ was inexplicably absent from the Commission's file.

At any rate, whether employee's brief was considered by the ALJ is irrelevant for our purposes, as we review the decision of the Commission and not the ALJ. *Young v. Handy Andy*, 831 S.W.2d 947, 948 (Mo.App.E.D.1992).

**4.** We address points three and four later in this opinion.

supporting a workers' compensation award is presented to the reviewing court, that court should not indulge in speculation to sustain the award. *Parker v. City of Kirkwood*, 605 S.W.2d 210, 211 (Mo.App.E.D.1980).

As a general matter, where there is no evidence to support a judgment, the judgment is invalid and the reviewing court must reverse and remand. *Swallows v. Holden*, 723 S.W.2d 576, 578 (Mo.App.S.D.1987). Although a judgment may be based upon agreed facts, there must be evidence of what facts are agreed to. *Id.* Where the record on appeal contains no agreement of the parties with respect to factual matters, and no evidence has otherwise been entered, the judgment will be reversed and remanded. *Id.* In workers' compensation claims, there is no way, absent an evidentiary hearing, to determine the truth or falsity of allegations of fact. *Ross v. Safeway Stores, Inc.*, 738 S.W.2d 611, 616 (Mo.App.S.D.1987).

Here, employer argues the parties agreed as to the operative facts upon which the Commission based its ruling. Employer refers to employee's alleged admission of kissing and hip checking in deposition testimony. Employer argues the failure of employee to specifically deny those facts in his reply brief before the ALJ and in his application for review before the Commission, even after being confronted by those facts in employer's memorandum of law, amounts to tacit agreement on those facts. According to employer, there was no disagreement or dispute as to the factual basis for the Commission's award, and accordingly no hearing was required on that determinative issue.

An admission made in court or preparatory to trial by a party or his attorney, conceding for the purposes of that particular trial the truth of an alleged fact so that the other party need not offer evidence to prove it, removes the fact from the field of disputed issues in the particular case in which it is made. *L.N.M. by L.M. v. A.J.P.*, 800 S.W.2d 139, 141 (Mo.App.E.D.1990) (citations omitted). Such an admission is a substitute for evidence in that it does away with the need for evidence on that subject in that cause. *Id.*

In the immediate case, employee's alleged admission had never been entered into evidence. For this reason, the Commission sustained employee's motion to strike the contents of the alleged admission from employer's brief on appeal to the Commission. The Commission erroneously relied on that admission when it affirmed the ALJ's award, since the admission was—by the Commission's own ruling—outside the record.

Furthermore, we do not believe employee ever stipulated to the contents of his alleged admission. The parties filed separate statements of fact before the ALJ. There was no express agreement between the parties as to the operative facts; employer admits as much in its brief, by arguing the parties "tacitly" agreed on the contents of the alleged admission. Failure to specifically deny a statement in the opposing party's brief does not, in our view, rise to the level of affirmative agreement required to remove issues from dispute.

The alleged admission of employee relied upon in the Commission's award was never entered into evidence. The facts employee purportedly admitted to—kissing and hip checking female co-workers—were never stipulated or expressly agreed to by the parties. The contents of the alleged admission appear only in employer's memorandum of law before the ALJ. Statements in briefs and recitals in motions are not evidence and are insufficient to supply essential matters for review. *Flora v. Flora*, 834 S.W.2d 822, 823 (Mo.App.E.D.1992). We hold the Commission's award is not supported by sufficient competent evidence in the record.

A reviewing court should not indulge in speculation to sustain a workers' compensation award. *Parker v. City of Kirkwood*, 605 S.W.2d at 211. There is no way, absent an evidentiary hearing, to determine the truth or falsity of allegations of fact. *Ross v. Safeway Stores, Inc.*, 738 S.W.2d at 616. Enough of a controversy exists here to warrant an evidentiary hearing. Accordingly, the award of the Commission is reversed and the claim remanded for a hearing on the merits.

In so ruling, we wish to make it clear we are not passing on the merits of employee's claim of mental injury. We merely require an evidentiary hearing be held and a record established. If, from the evidence adduced at the hearing, employee's injury is found not to arise from and in the course of his employment, then an award denying compensation may be properly entered. However, there must be sufficient competent evidence to support the award.

■ For his third and fourth points, employee argues the ALJ and the Commission violated his due process rights under the state constitution by failing to follow the required procedures for resolving disputed workers' compensation claims. Having decided the case on other grounds, we need not address these points. Furthermore, courts will avoid deciding constitutional questions if the case can be fully determined without reaching such questions. *State ex rel. Union Electric Co. v. Public Service Comm.*, 687 S.W.2d 162, 165 (Mo. banc 1985).

The decision of the Commission is reversed and the cause remanded with instructions that the Commission remand for an evidentiary hearing before an ALJ.

REINHARD, P.J., and CRANDALL, J., concur.