**Edward A. MOSCA, Appellant,**

v.

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. 69281.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1996.

---

Edward Mosca, pro se.

Alan J. Downs, Div. of Employment Security, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Edward A. Mosca (hereinafter "claimant"), appeals from a judgment en-tered by the Labor and Industrial Relations Commission (hereinafter "the Commission") denying unemployment benefits. We affirm.

Claimant worked as a member of the faculty at Harris–Stowe College from January 3, 1994, to June 24, 1994. Claimant became unemployed and filed an initial claim for unemployment benefits with the Division of Employment Security (hereinafter "the Division") on July 10, 1995. The Division denied the claim on the ground claimant did not qualify as an insured worker due to insufficient wage credits in the base period of the claim.

On July 14, 1995, claimant filed an appeal of the Division's determination with the Appeals Tribunal. Claimant indicated he earned wage credits during the first quarter of 1994, which would have been included in his base period had his claim for benefits been effective in June, 1995. Claimant requested his claim be made retroactive to June 25, 1995.

A hearing was held August 3, 1995. Claimant testified he did not report to the Division office during the week of June 25, 1995, because he anticipated increased revenue from his self-employment efforts which would allow claimant to avoid filing a claim for benefits. In addition, claimant testified that had he known of the change in base period he would have reported to the office during the earlier week. The Appeals Tribunal denied claimant's request for a retroactive filing of his claim and affirmed the Division's determination that claimant did not qualify as an insured worker under the Missouri Employment Security Law, RSMo. §§ 288.010 *et seq.* (1994).

On August 18, 1995, claimant filed an application for review with the Commission. Attached to the application was a handwritten letter in which claimant maintained that he failed to report to the Division office during the week of June 25, 1995, because he was in Europe.[1] According to claimant, se-

---

1. The letter was file stamped by the Division on August 18, 1995. "A court's stamp on documents filed by the parties constitutes proof such documents are part of the record." *Rice v. State Farm Ins. Co.*, 885 S.W.2d 775, 778 n. 3 (Mo. App. E.D.1994). Here, the file stamp on claimant's letter indicates it was incorporated into the Commission's record. On appeal in unemployment compensation cases, we review the decision of the Commission. *Heavy Duty Trux v.*

vere airline penalties and scheduled appointments prevented his return to the United States prior to July 7, 1995. Upon review, the Commission issued an order affirming the decision of the Appeals Tribunal. This appeal followed.

■ On appeal, claimant contends the Commission erred in finding claimant failed to show good cause for a retroactive filing of his claim. Claimant reported to the Division office on July 10, 1995, to file a claim for benefits, giving his claim the July 9, 1995, effective date. In order for a claim to be made retroactive, a claimant must show good cause for failing to appear at the Division office on the earlier date.

In pertinent part, 8 C.S.R. § 10–3.010 (1995) provides:

(2) If it is determined that the claimant is an insured worker, the benefit year begins with the first day of the week in which the initial claim was filed. For good cause, however, an earlier date may be assigned as the beginning date of the benefit year.

. . . .

(11) For the purpose of 8 C.S.R. § 10–3, good cause shall be only those circumstances which are completely beyond the reasonable control of the claimant and then only if the claimant acts as soon as practical.

The issue of good cause is first addressed by the administrative agency, and its determination is subject to review only for abuse of discretion. *Todaro v. Labor and Indus. Relations Com'n of MO.*, 660 S.W.2d 763, 765 (Mo.App. E.D.1983)(citing *Bishop v. Labor & Ind. Relations Com'n*, 567 S.W.2d 736, 740 (Mo.App.1978)). Applying the foregoing standard, we find the Commission did not abuse its discretion in affirming the decision of the Appeals Tribunal that claimant failed to show good cause for a retroactive filing of his claim.

None of complainant's explanations for failing to report to the Division office during the week of June 25, 1995, constituted circumstances completely beyond claimant's reasonable control. Claimant voluntarily de-

*Labor & Indus. Relations Com'n,* 880 S.W.2d

layed filing his initial claim until July 10, 1995. Moreover, given that claimant planned his visit to Europe, claimant had complete control over which date he scheduled his return to the United States. These facts, of which the Commission had knowledge, amply support the Commission's decision to deny a retroactive filing of claimant's claim for failure to show good cause.

Based on the foregoing, we affirm the decision of the Commission denying claimant's request for unemployment benefits.

GERALD M. SMITH, P.J., and RHODES RUSSELL, J., concur.