Heather DOBYNS, individually and as next of friend of S.D., Plaintiff/Appellant,

v.

Kevin PHILLIPS, Defendant/Respondent.

No. 70225.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 24, 1996.

Deborah Benoit, Susman, Schermer, Rimmel & Shifrin, L.L.C., St. Louis, for plaintiff/appellant.

John A. Parks, St. Louis, for defendant/respondent.

Before CRANE, P.J., and GERALD M. SMITH and PUDLOWSKI, JJ.

PER CURIAM.

Plaintiff Heather Dobyns appeals from the dismissal of her paternity action against Kevin Phillips. We reverse and remand.

Dobyns, individually and as next friend of S.D., filed a paternity action against Kevin Phillips. The action was initiated on her behalf by the St. Louis Circuit Attorney's office. Dobyns, through an assistant circuit attorney, filed a motion to compel a blood test to which Phillips consented. The court signed a consent order by which all discovery was stayed until the test results were known. On January 31, 1996, a court memorandum was filed which provided: "Blood and DNA tests exclude Kevin Phillips from paternity of [S.D.]. Cause dismissed." Both the trial judge and an assistant circuit attorney signed the memorandum.

On February 23, 1996, Dobyns filed a motion to set aside the dismissal of her paternity action. In her motion Dobyns claimed that the person who appeared for the blood test was not Phillips and that the dismissal of her action was filed without her knowledge or consent. After a hearing, the trial court issued a judgment and order on March 1, 1996 overruling Dobyns' motion to set aside the dismissal, holding:

> Petitioner's Motion to Set Aside Dismissal Order of January 31, 1996 called. Parties appear by counsel. Argu[ ]ments heard. Cause submitted to the Court.
>
> Court finds that Dismissal Order entered on 1/31/96 was made pursuant to a finding by this Court that Respondent was excluded from paternity of the minor child, [S.D.], as the result of blood and DNA tests conducted on Respondent and said minor child. Pursuant to Sec. 210.834(4) R.S.Mo. when such a finding of nonpaternity is made by the Court, the Court must dismiss the action.
>
> Therefore, it is Ordered and Adjud[g]ed that Petitioner's Motion to Set Aside Dismissal is hereby overruled and denied.

The court's January 31 judgment of dismissal became final the same day. Dobyns appeals.

Dobyns first asserts the trial court erred in treating the dismissal as a voluntary dismissal under Rule 67.02(a). We do not reach the issues raised by this point because the record does not support a conclusion that this was a voluntary dismissal or that the court treated it as one. It is worded as a court-ordered dismissal by a party and it is signed by the judge. Further, the judge retained jurisdiction of the matter by hearing the motion to set aside; had it been a voluntary dismissal, the court would have lost jurisdiction to take any further action. In addition in its March 1 order the trial court clearly treated the January 31 dismissal as a court-ordered dismissal based on a finding of non-paternity.

■ Dobyns next argues that the trial court erred in basing the dismissal on blood test results since there had been no court hearing on the blood test data or any opportunity to cross-examine witnesses. The trial court erred in dismissing the action based on results not in the record.

■ This action was filed under the Uniform Parentage Act, §§ 210.817 to 210.852 RSMo 1994. Under the act blood testing is deemed "conclusive" evidence of nonpaternity if the results so indicate. *State, ex rel. K.R. by May v. Brashear*, 841 S.W.2d 754, 756 (Mo.App.1992). Section 210.834.4 provides:

> 4. Whenever the court finds that the results of the blood test show that a person presumed or alleged to be the father of the child is not the father of such child, this evidence shall be conclusive of nonpaternity and the court shall dismiss the action as to that party, ...

§ 210.834.4 RSMo 1994.

However, in this case there is nothing in the record to support the trial court's finding. No blood test results are in the record and no transcript or minute entry reflects that blood test results or any other evidence of non-paternity was presented to the trial court. Counsel's signature on the court order of dismissal does not indicate counsel[1]

---

1. Plaintiff also challenges whether an attorney-client relationship existed between herself and the circuit attorney's office. Because of the result reached herein, we do not reach that question.

stipulated to the facts contained in the dismissal. Where there is no evidence to support a judgment, the judgment is invalid and the reviewing court must reverse and remand. *Rice v. State Farm Ins. Co.*, 885 S.W.2d 775, 779 (Mo.App.1994).

The judgment of the trial court dismissing the action is reversed and the case is remanded for further proceedings.