Sandra L. HARTLEY, Employee–Respondent,

v.

**SPRING RIVER CHRISTIAN VILLAGE, Employer–Appellant,**

and

**Church Mutual Insurance Company, Insurer–Appellant.**

No. 21308.

Missouri Court of Appeals, Southern District, Division Two.

March 11, 1997.

Ronald G. Sparlin, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for appellants.

Joe R. Ellis, Ellis, Ellis and Cupps, Cassville, for respondent.

MONTGOMERY, Chief Judge.

■ The Employer and Insurer appeal from an award of workers' compensation benefits in favor of Claimant by the Labor and Industrial Relations Commission (Commission). Appellants' first two points relied on contend that Claimant's injury in an automobile accident on the way to the Employer-sponsored Christmas party did not arise out of and in the course of her employment because (1) she was not directly or indirectly compelled to attend the party, and (2) the "going and coming" rule precludes compensation. The last point, which is dispositive, asserts that the Commission erroneously acted without or in excess of its powers by finding the claim compensable in reliance on deposition testimony which was never offered or received in evidence and was not part of

the record. We agree and reverse and remand for rehearing.

At the December 1, 1995, hearing before the administrative law judge (ALJ), four witnesses testified in person. Claimant, a dietary supervisor, and her husband gave testimony which, if believed, indicated that Claimant was directly or indirectly compelled by her Employer to attend the off-premises Christmas party.

Richard Keller, Employer's administrator, and Donald Whitney, Employer's supervisor of laundry and housekeeping, gave testimony which, if believed, indicated the opposite of Claimant's evidence. No deposition testimony of any witness was offered or received in evidence during the hearing.

At the conclusion of the hearing, the ALJ announced that "[t]he record will be closed." Subsequently, the ALJ denied compensation finding that Claimant's injury did not arise out of and in the course of her employment. Clearly, the ALJ believed the Employer's evidence and disbelieved Claimant's. The ALJ's findings understandably make no mention of any deposition testimony.

Claimant's appeal to the Commission resulted in a reversal of the ALJ's award in a split decision. A majority of the Commission determined that Claimant's accident on the way to the Christmas party arose out of and in the course of her employment.

In its findings, the Commission observed that several employees testified "concerning whether employer expected them to attend the Christmas party." The next two paragraphs of the findings refer to the deposition testimony of Elizabeth Giebler and Donald Morgan in the following manner:

Elizabeth Giebler, an employee in the facility, testified that employees were expected to attend the party and especially the supervisors. "Since I've worked here, these things that the Spring River does, you know, the group things that the Spring River workers does, you know, they expect—they expect the supervisors to participate in those" (Jan. 12, 1994, deposition pg. 6).

Donald Morgan, the maintenance supervisor in employer's facility, testified that he

believed he was expected to attend the party (Jan. 12, 1994, deposition pg. 5). "I would say, you know, just as far as—you know, since we're supervisors, we are just asked to be there to represent our departments." *Id.*

The Commission later said, "Evidence of both direct and indirect compulsion is found throughout the record." We must assume that the Commission came to such conclusion with at least some reliance on the veracity of the quoted deposition testimony.

For unexplained reasons, the Giebler and Morgan depositions are not to be found in the record presented to this Court by the Commission. Under a cover letter of November 8, 1996, the Commission's secretary, Pamela M. Hofmann, forwarded to this Court the "Record on Appeal" in this case pursuant to § 287.495, RSMo 1994. The secretary's "Certificate on Appeal" assures us that "the attached documents constitute the true and complete record in this matter ...." The attached documents consist of the parties' pleadings, the ALJ's award, the Commission's award, the notice of appeal to this Court, and the transcript of the December 1, 1995, hearing before the ALJ. Thus, assuming the Giebler and Morgan depositions exist, they are not part of "the true and complete record," which the Commission apparently acted upon.

The parties agree in their brief that the two depositions were taken but disagree on what transpired thereafter. Appellants claim the depositions were "presumably filed with the Division as a matter of course. That is all that was ever done with them." Claimant asserts that the depositions were "properly placed on file ... with the Division of Workers' Compensation Department of Labor. The Division of Workers' Compensation transferred the file to the Commission upon notice of appeal." Obviously, the record here fails to support the position of either party.

On the record before us, we must conclude that, in reaching its decision, the Commission considered deposition testimony which the ALJ did not consider. Because the ALJ and the Commission reached opposite results, we reject Claimant's argument that the Commission did not rely on the deposition testimony in reaching its decision. Without consideration of the deposition testimony, the evidence before the ALJ was almost evenly divided between compulsion and noncompulsion to attend the Christmas party. The deposition testimony appears to have tilted the scales in Claimant's favor because apparently it strongly supports the Commission's decision.

Turning to the relevant statutes on this issue, we first observe that § 287.460 [1] requires the Division, through an ALJ, to hear the parties and determine the dispute. In addition, "[a]ll evidence *introduced* at any such hearings shall be reported by a competent reporter appointed by the division or be recorded by electronic means." (Emphasis added.)

Section 287.480 provides that "[i]f an application for review is made to the commission ..., the full commission ... *shall review the evidence,* or, if considered advisable, as soon as practicable hear the parties at issue ... and shall make an award...." (Emphasis added.)

Finally, § 287.495 governs an appeal to this Court from the Commission's award. In part, this statute mandates that "the commission shall, under its certificate, return to the court all documents and papers on file in the matter, together with a *transcript of the evidence,* the findings and award, which shall thereupon become *the record of the cause.*" (Emphasis added.)

The first two statutes clearly indicate that the Commission "shall review the evidence" which was "introduced" at the ALJ's hearing. The latter statute is equally clear that the "transcript of the evidence" becomes part of the "record of the cause" which this Court reviews.

While we find no cases directly on point, and the parties cite none, existing case law indicates that the Commission can only review the evidence taken by the ALJ absent a

1. Statutory references are to RSMo 1994 unless otherwise indicated.

request for the Commission to hear additional evidence.[2]

In *Clark v. Frazier–Davis Constr. Co.*, 258 S.W.2d 934 (Mo.App.1953), the Commission denied employee's motion to present additional evidence. In upholding the Commission's ruling, the court said that "it was undoubtedly within the discretion of the commission whether to hear further evidence or *to confine its review* to the evidence already taken before the referee...." *Id.* at 937. (Emphasis added.)

In *Rice v. State Farm Ins. Co.*, 885 S.W.2d 775 (Mo.App.1994), the employee appealed to the Commission and filed a motion to strike all references to his alleged admission of kissing and hip checking fellow employees, claiming the testimony was outside the record because it was never admitted into evidence before the ALJ. The Commission granted the motion. However, the Commission affirmed the ALJ's denial of compensation, incorporating the ALJ's award in its entirety, including references to the employee's alleged admission that had been stricken from the record.

On appeal, the court noted that employee's alleged admission had never been entered into evidence. The court held that the "Commission erroneously relied on that admission when it affirmed the ALJ's award, since the admission was ... outside the record." *Id.* at 779.

 Based on the relevant statutes and the two cited cases, we hold that the Commission can only review the evidence presented to the ALJ when no motion to present additional evidence is granted. Certainly, the Commission cannot rely on evidence outside the record. By so doing in this case, the Commission acted in excess of its power.

The injustice in this case results from a denial of Employer's opportunity to present rebuttal evidence. The Commission's own regulation grants an opposing party such an opportunity. The Employer had the right to rely on a review of the record made before the ALJ. Thus, the Employer was the victim of a review which considered evidence that Employer never attempted to rebut.

 We cannot review Employer's first two points relied on absent a record on which the Commission has weighed the evidence and made credibility determinations without reliance on evidence outside the record. "The power to judge the credibility of witnesses, to resolve conflicts in testimony, to weigh evidence, and to draw factual inferences is vested in the Commission as trier of fact." *Smith v. Arthur's Fashions,* 843 S.W.2d 3, 5 (Mo.App.1992).

The Commission's award is reversed, and the cause is remanded for a rehearing consistent with this opinion. Upon remand, our opinion should not be interpreted to preclude the Commission's consideration of a motion to present additional evidence, if made under appropriate circumstances.

CROW, P.J., and SHRUM, J., concur.

---

**2.** In 8 CSR 20–3.030(2), provision is made for the filing of a motion before the Commission to hear additional evidence. The regulation states that the Commission will not hear additional evidence except on the ground of newly discovered evidence. However, if the motion is granted, the regulation allows the opposing party to present rebuttal evidence. In this case, no motion to hear additional evidence was filed with the Commission.