

**NUMBER 13-12-00683-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### EX PARTE ERIKA RIVERA

**On appeal from the 107th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

Appellant, the Texas Department of Public Safety ("DPS"), brings this restricted appeal from the trial court's order expunging the arrest of appellee, Erika Rivera, from all public records.  Appellee has not filed a brief to assist in the disposition of this appeal.  By a single issue, DPS contends that the trial court's expunction order was not supported by legally sufficient evidence.  We reverse and render.

## I. BACKGROUND

On March 12, 2012, Rivera filed an ex parte petition to expunge public records of her arrest for criminal mischief, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 28.03 (West 2009); Rivera identified several entities that may be in possession of records or files pertaining to her arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(a), (b)(8) (West 2006) (in an ex parte petition for expunction; requiring petitioner to name agencies that may have files subject to expunction). Rivera identified, among other entities, the Brownsville Police Department, the Cameron County District Attorney, and DPS. Rivera's petition states that she was charged with criminal mischief, for which she received a sentence of six months deferred-adjudication community supervision, and she asked for the charge to be expunged from her record.

The trial court set a hearing on Rivera's petition for May 21, 2012. Pursuant to article 55.02 of the Texas Code of Criminal Procedure, the trial court sent notice of the petition and the hearing date to all the parties listed in the petition. *See id.* art. 55.02, § 2(c). DPS filed an answer claiming that Rivera was not entitled to expunction because she received a sentence of six months deferred-adjudication community supervision for her offense.

A Cameron County assistant district attorney appeared on behalf of the State, arguing that because Rivera pleaded guilty and received deferred-adjudication community supervision, she was not entitled to expunction. Rivera's counsel countered that hers was both an "exceptional" and "humanitarian" case. On May 21, 2012, the trial court ordered all of Rivera's records pertaining to the arrest expunged.

DPS did not file a motion for new trial or other post-judgment motion. On November 5, 2012, DPS filed a notice of restricted appeal, stating that it is a party affected by the expunction order. *See* TEX. R. APP. P. 26.1(c) (notice of restricted appeal may be filed within six months after judgment or order is signed); TEX. R. APP. P. 30.

## II. RESTRICTED APPEAL

To attack an order by restricted appeal, the appellant must show: (1) it was a party who did not participate in the hearing that resulted in the judgment complained of; (2) it filed a notice of appeal within six months after the order was signed; (3) it did not timely file a post-judgment motion or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Bazan v. Canales*, 200 S.W.3d 844, 846–47 (Tex. App.—Corpus Christi 2006, no pet.); *see also State Bd. for Educator Certification v. Gonzalez*, No. 13-02-00463-CV, 2003 Tex. App. LEXIS 7223, at *4 (Tex. App.—Corpus Christi Aug. 25, 2003, no pet.).

With regard to the first requirement, DPS is a state agency that may have records pertaining to arrests, as is made apparent by the statutory requirement that DPS be notified of a final order expunging records. TEX. CODE CRIM. PROC. ANN. art. 55.02 § 3(c); *see Tex. Dep't of Pub. Safety v. Moore*, 51 S.W.3d 355, 357 (Tex. App.—Tyler 2001, no pet.). Although article 2.01 of the Texas Code of Criminal Procedure states that the district attorney represents the State in criminal cases, at an expunction hearing, each law enforcement agency is entitled to represent itself. *Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ); *see* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2 (stating that "such entity may be

3

represented by the attorney responsible for providing such agency with legal representation in other matters"). Here, the district attorney was the only attorney who appeared for the state and nothing in the record demonstrates that the district attorney was acting on behalf of DPS. The record shows, therefore, that DPS was a party who did not participate in the hearing giving rise to the expunction order. *See Moore*, 51 S.W.3d at 357; *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 111 (Tex. App.—San Antonio 1997, no writ); *see also Tex. Dep't of Pub. Safety v. Olivares*, No. 13–06–035–CV at *3, 2007 Tex. App. LEXIS 5904, at *6–10 (Tex. App.—Corpus Christi July 26, 2007, no pet.) (mem. op.).

With regard to the second and third requirements, the record further reflects that DPS filed a notice of restricted appeal within six months of the expunction order, and it did not file any post-judgment motions. Accordingly, DPS satisfied the first three requirements for a restricted appeal. *See* TEX. R. APP. P. 26.1(c); TEX. R. APP. P. 30. We now turn to the alleged error which the state must show is apparent on the face of the records to satisfy the fourth requirement for restricted appeals.

### III. SUFFICIENCY OF THE EVIDENCE

By its sole issue, DPS contends that the trial court erred in granting Rivera's petition for expunction because Rivera failed to establish, by legally sufficient evidence, that she had satisfied the statutory requirements for expunction.

### A. Standard of Review

In restricted appeals, we are limited to considering only errors that are apparent on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *see also Gonzalez*, 2003 Tex. App. LEXIS 7223, at

4

*5. The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *Norman Commc'ns*, 955 S.W.2d at 270. A restricted appeal affords the appellant the same scope of review as an ordinary appeal—in other words, the entire case. *Id.* DPS has challenged the legal sufficiency of the evidence supporting the expunction order, which we may review in a restricted appeal. *Id.*

In conducting a legal sufficiency review, we "view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson,* 168 S.W.3d 802, 807, 827 (Tex. 2005). We will sustain a no-evidence challenge when the record shows that (1) there is a complete absence of a vital fact, (2) the court is barred from considering the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63 (1960)); *Tex. Dep't of Pub. Safety v. Williams,* 76 S.W.3d 647, 649 (Tex. App.—Corpus Christi 2002, no pet.).

## B.  Expunction Requirements

"The expunction statute was created to allow persons wrongfully charged to expunge their arrest records." *Williams,* 76 S.W.3d at 650 (citing *Tex. Dep't of Pub. Safety v. Butler,* 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi 1997, no writ); *State v. Knight,* 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ)). The petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to expunction. *Williams,* 76 S.W.3d at 650 (citing *Butler,* 941

5

S.W.2d at 321; *Ex parte Scott,* 818 S.W.2d 226, 227 (Tex. App.—Corpus Christi 1991, no writ)). The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply. *Ex parte Stiles,* 958 S.W.2d 414, 418 (Tex. App.—Waco 1997, pet. denied). Courts have no equitable power to extend the expunction statute. *Williams,* 76 S.W.3d at 650.

The code of criminal procedure allows for expunction under certain specific circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. When a petitioner, such as Rivera, has not been acquitted of the offense to be expunged or convicted and subsequently pardoned, that petitioner must demonstrate that "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . ." *Id.* art. 55.01(a)(2). Under this provision, a petitioner must demonstrate that he or she did not receive court-ordered community supervision under Texas Code of Criminal Procedure article 42.12, which includes deferred-adjudication community supervision. *Butler*, 941 S.W.2d at 321; *see* TEX. CODE CRIM. PROC. ANN. art. 42.12; *id.* at art. 55.01. Prior to the 1989 amendments to the code of criminal procedure, article 55.01(a)(2)(B) mandated that in order for the petitioner to be entitled to an expunction, the petitioner had to prove that he or she had not been placed on "community supervision." *See* Act of May 27, 1979, 66th Leg., R.S., ch. 604, § 1, 1979 TEX. GEN. LAWS 1333, 1333. Courts construing the statute after the 1989 amendments determined that deferred-adjudication community supervision constitutes "court ordered probation" for purposes of article 55.01(a)(2)(B) and thus renders a defendant ineligible to expunge his or her arrest. *Butler,* 941 S.W.2d

6

318, 321; *State v. Knight,* 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ).

In *State v. Knight*, the Fourteenth Court of Appeals noted the different wording between the old and new versions of the statute and found that the earlier case law on "court ordered supervision" is no longer valid. *Knight,* 813 S.W.2d at 212. The court held that "court ordered probation" encompasses deferred-adjudication community supervision whether or not the trial court imposes explicit conditions on the petitioner. *Id.* The expunction statute was "not intended to allow a person who is arrested, pleads guilty to an offense, and receives probation after pleading guilty, to expunge his record." *Id.*; *see Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); 43B GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE §§ 48.29–.30, at 277 (2d ed. 2001) (acknowledging general "rule that one is not entitled to expunction upon successful completion of a term of deferred adjudication").

## C.    Analysis

DPS contends that the trial court erred in granting Rivera's petition for expunction because she presented no evidence to satisfy the statutory requirements for expunction—in particular, there is no evidence in the record demonstrating that Rivera did not receive community supervision. We agree.

It is well settled that the petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to expunction. *Williams,* 76 S.W.3d at 650–51. Rivera admitted in her petition that she "was placed on deferred adjudication [community supervision] for six months." Rivera's statement that she was

7

placed on deferred-adjudication community supervision for six months is a judicial admission. *See Mendoza v Fidelity & Guar. Ins.*, 606 S.W.2d 692, 694 (Tex. 1980); *see also Mapco, Inc. v. Carter,* 817 S.W.2d 686, 687 (Tex. 1991) (per curiam) (a judicial admission must be a clear, deliberate, and unequivocal statement); *Griffin v. Superior Ins. Co.*, 338 S.W.2d 415, 419 (Tex. 1960). A judicial admission is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact and bars the admitting party from disputing it. *Gevinson v. Manhattan Constr. Co. of Okla.,* 449 S.W.2d 458, 467 (Tex.1969); McCORMICK & RAY, TEXAS LAW OF EVIDENCE § 1127 (2d ed. 1956).

Under these circumstances, we believe that the evidence conclusively establishes that Rivera received deferred-adjudication community supervision for her offense, and as a result, the evidence is legally insufficient to support her eligibility for expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *City of Keller,* 168 S.W.3d at 810; *see also Tex. Dep't of Pub. Safety v. Lopez,* No. 13-05-619-CV, 2007 Tex. App. LEXIS 5341, at *4 (Tex. App.—Corpus Christi July 5, 2007, no pet.) (mem. op.). The error is apparent on the face of the record; therefore, we sustain DPS's issue. *See Tex. Dep't of Pub. Safety v. Six,* 25 S.W.3d 368, 370 (Tex. App.—Fort Worth 2000, no pet.); *see also Tex. Dep't of Pub. Safety v. Shipp,* No. 05-05-01421-CV, 2006 Tex. App. LEXIS 2361, at *4–7 (Tex. App.—Dallas Mar. 29, 2006, no pet.) (mem. op.).

## IV. CONCLUSION

We reverse the trial court's order and render judgment denying the petition for expunction. Pursuant to DPS's prayer for relief, we order any documents surrendered to the trial court or to Rivera returned to the submitting agencies. *See Tex. Dep't of*

*Pub. Safety v. Fredricks*, 235 S.W.3d 275, 282 (Tex. App.—Corpus Christi, 2007, no pet.) (mem. op.); *Ex parte Elliot,* 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that reversal of the order of expunction applies to all respondents, even if they did not participate in the appeal).

                                            DORI CONTRERAS GARZA,
                                            Justice

Delivered and filed the
27th day of June, 2013.